1

2

3

4                                              The Honorable Richard A. Jones

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8   SAMMAMISH HOMEOWNERS, a Washington          )
    non-profit corporation; THOMAS E HORNISH    )
9   and SUZANNE J. HORNISH, TRUSTEES OF         )   No. 15-cv-00284 RAJ
    THE THOMAS E. HORNISH and SUZANNE J.        )
10  HORNISH JOINT LIVING TRUST; TRACY and       )   DEFENDANT KING COUNTY'S
    BARBARA NEIGHBORS; ARUL MENEZES and         )   FRCP 12(b)(1) & (6) MOTION TO
11  LUCRETIA VANDERWENDE; and HEBERT            )   DISMISS FOR LACK OF STANDING
    MOORE and EVELYN MOORE,                     )
12                                Plaintiffs,   )   NOTE ON MOTION CALENDAR:
                                                )   April 17, 2015
13               vs.                            )
                                                )
    KING COUNTY,                                )
14                                Defendant.    )
                                                )
15  _____     )

    I.    RELIEF REQUESTED
16

17          In this Declaratory Judgment and Quiet Title action, plaintiffs allege that they own fee

18  title in the "railbanked" railroad corridor that runs along Lake Sammamish adjacent to their

19  properties (the "Corridor").[1]  Prior to railbanking under 16 U.S.C. §1247(d), the Burlington

20  Northern and Santa Fe railroad ("BNSF") possessed a fee interest in some parts of the Corridor

21  and easement rights in other parts.  *See King County v. Rasmussen*, 299 F.3d 1077, 1084 (9th Cir.

22

23  _____
    [1] Per the requirements of a Fed. R. Civ. P. 12(b) motion, King County is assuming the truth of Plaintiffs'
    allegation that their properties are adjacent to the Corridor.  King County reserves the right to contest this
    fact and others herein if further proceedings are necessary.

    DEFENDANT KING COUNTY'S FRCP 12(b)(1)              **Daniel T. Satterberg**, Prosecuting Attorney
    & (6) MOTION TO DISMISS FOR LACK OF                CIVIL DIVISION, Litigation Section
    STANDING (15-cv-00284 RAJ) - 1                     900 King County Administration Building
                                                       500 Fourth Avenue
                                                       Seattle, Washington  98104
                                                       (206) 296-8820  Fax (206) 296-8819

1   2002)(addressing property rights in Corridor).  In 1998, as part of railbanking, defendant King

2   County purchased BNSF's property rights in the Corridor.  *Id.*

3          The plaintiffs submit deeds that preclude their ownership of any part of the Corridor.

4   Nevertheless, apparently relying on Washington's "centerline presumption" doctrine, plaintiffs

5   claim fee title in the Corridor.  The individually-named plaintiffs lack both Article III and

6   statutory standing to raise this claim because Washington's centerline presumption grants them

7   no ownership interests in the Corridor.  The related effort to litigate the individual property rights

8   of homeowners through an association, Sammamish Homeowners, also fails because that group

9   lacks standing under *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 343

10  (1977).  Without an ownership interest in the Corridor, plaintiffs cannot state a claim for which

11  relief may be granted.  Because plaintiffs lack standing and a viable legal claim, the Court should

12  dismiss this action under Fed. R. Civ. P. 12(b)(1) and (6).

13  **II.    RELEVANT FACTS AND PROCEDURAL BACKGROUND**

14         Because this is a Rule 12(b) motion to dismiss, the facts before the Court are derived

15  primarily from plaintiffs' complaint, including the various deeds attached to the complaint.

16  According to the legal descriptions in those deeds, none of the plaintiffs' parcels include any

17  property interest in the Corridor.

18         **Hornish Trust**.  According to the Complaint, plaintiff The Thomas Hornish and Suzanne

19  J. Hornish Joint Living Trust, Thomas and Suzanne Hornish, trustees ("Hornish Trust") own

20  parcel number 062406-9042 adjacent to the Corridor.  Dkt. 1 (Complaint at ¶13).  Although the

21  Complaint claims that the Hornish Trust parcel includes "fee title" to the Corridor, the Hornish

22  Trust deed (attached as Exhibit B to the Complaint) excludes any portion of the Corridor from

23  the legal description of the property.  The metes and bounds description of the Hornish Trust

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

parcel uses the "westerly line of the Northern Pacific Railway right-of-way" as the eastern boundary of the property. Ex. B. at 1. Because the Hornish Trust parcel lies entirely to the west of the western boundary of the Corridor, the Hornish Trust has no described property interest in the Corridor.

**Neighbors.** Although plaintiff's Tracy and Barbara Neighbors ("Neighbors") appear to own parcel number 072406-9006, the legal description of that parcel also excludes any portion of the Corridor. *See* Complaint ¶14. The Neighbors allege that they own fee title in the Corridor, but the legal description of their property (attached as Exhibit C to the Complaint) excludes any portion of the Corridor from their parcel. The metes and bounds description of the Neighbors' parcel describes the lot lines, "except that portion within the Northern Pacific Railroad right-of-way." Ex. C at 3. Thus, the Neighbors' legal description includes land on both side of the Corridor, but specifically excludes any property interest in the Corridor itself.

**Menezes/Vanderwende**. Plaintiffs Arul Menezes and Lucretia Vanderwende ("Menezes/Vanderwende") claim to own parcel number 072406-9024, but their legal description does not include property rights in the Corridor acquired by King County. Complaint ¶15. The Menezes/Vanderwende deed is attached to the Complaint as Exhibit D and contains a legal description for two parcels. The main portion of the Menezes/Vanderwende property, parcel 1, specifically excludes the Corridor from the metes and bounds legal description: "Except the right-of-way of the Northern Pacific Railway Company." Ex. D. at 2.

Although parcel 2 includes a small chunk of the *original*, late 1800's railroad corridor, it is not part of the current, railbanked Corridor. Parcel 2 was broken off from the original railroad corridor in 1996 – two years prior to railbanking and BNSF's sale of the Corridor to King County. The immediate predecessor in title to Menezes/Vanderwende, Lynne Goldsmith,

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1   acquired this chunk of the original railroad corridor through a 1996 adverse possession action

2   against BNSF.  On December 9, 1996, the King County Superior Court granted fee title in parcel

3   2 to Goldsmith.  *See* Agreed Order Quieting Title, King County Superior Court No. 96-2-24980-

4   7 (Dec. 9, 1996).[2]  As a result, in 1998, when defendant King County acquired BNSF's property

5   interest in the Corridor that is the subject of this lawsuit, it did not include parcel 2 of the

6   Menezes/Vanderwende parcel.

7       **Moores**.  The Complaint alleges that Plaintiffs Hebert and Elynne Moore ("Moores")

8   own parcel number 172406-9007 and "fee title" to the Corridor.  However, the Moores' metes

9   and bounds legal description, which is attached as Exhibit E to the Complaint, establishes the

10  Corridor as the northern boundary of the Moores' parcel.  The Moores' property is described as

11  the area "lying *south* of the Northern Pacific Railroad right-of-way."  Ex. E. at 1 (emphasis

12  added).  No portion of the Corridor is included in their parcel's legal description.

13      **Sammamish Homeowners.**  The only other plaintiff in this matter is an organization that

14  calls itself "Sammamish Homeowners."  Complaint ¶12.  There is no allegation in the Complaint

15  that Sammamish Homeowners itself owns or has any property interest in the Corridor.   In its

16  most recent public filing with the Washington Secretary of State, the Sammamish Homeowners

17  lists its purpose as:  "Civic, work with property owners and government organizations on

18  regulations and projects that affect shorelines in the City of Sammamish.  Examples are the East

19  Sammamish trail and Willowmoor reconfiguration of the Sammamish River."[3]  The Complaint

20

---

21  [2] A copy of this order is attached as Exhibit 1 to this Motion.  This Court may take judicial notice of state court decisions.  *Bentley v. Bureau of Alcohol, Tobacco, Firearms, and Explosives*, 414 Fed.Appx. 28, 30 (9th Cir. 2011).

22  [3] A certified copy of the Sammamish Homeowner's annual corporate report is attached as Exhibit 2 to this motion.  This Court may take judicial notice of corporate disclosure filings that are publicly available

23  without converting a Rule 12(b) motion into a motion for summary judgment.  *In re American Apparel, Inc. Shareholder Litigation*, 855 F.Supp.2d 1043, 1060-61 (C.D. Cal. 2012).

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1   does not otherwise disclose the nature of this organization.  According to the Complaint, the

2   group allegedly has 400 members that "own the fee title" to the Corridor, but the member's

3   parcels, legal descriptions and deeds are not disclosed.  *Id.*

4   **III.    ISSUES**

5          A.    Do the individually named plaintiffs have standing to bring this action when they

6   possess no property interest in the Corridor?  No.

7          B.    Does plaintiff Sammamish Homeowners have standing to bring this action when

8   it has no property interests in the corridor and otherwise fails the associational standing test from

9   *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 343 (1977)?  No.

10         C.    Have plaintiffs' stated a claim upon which relief may be granted when no plaintiff

11  possesses a property interest in the Corridor?  No.

12  **IV.    AUTHORITY AND ARGUMENT**

13         **A.    Judgment As A Matter of Law.**

14         Plaintiffs lack both Article III and statutory standing.  The question of constitutional

15  standing is analyzed under to the provisions of Rule 12(b)(1), whereas a failure of statutory

16  standing is analyzed under Rule 12(b)(6).  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir.

17  2011).

18         A lack of standing under Article III implicates this Court's jurisdiction.  Plaintiffs have

19  the burden to establish that subject matter jurisdiction is proper. *Kokkonen v. Guardian Life Ins.*

20  *Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).  This obligation includes the

21  burden of establishing standing.  U.S. v. City and County of San Francisco; 979 F.2d 169, 171

22  (9th Cir. 1992).  A plaintiff suing in a federal court must show in his pleading, affirmatively and

23  distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so,

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   the court, on having the defect called to its attention or on discovering the same, must dismiss the

2   case, unless the defect [can] be corrected by amendment." *Smith v. McCullough,* 270 U.S. 456,

3   459, 46 S.Ct. 338, 70 L.Ed. 682 (1926).

4        In *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003), the Ninth

5   Circuit explained that a Rule 12(b)(1) motion to dismiss for lack of standing requires a court to

6   "to accept all allegations of fact in the complaint as true and construe them in the light most

7   favorable to the plaintiffs." However, a court is "not required to accept as true conclusory

8   allegations which are contradicted by documents referred to in the complaint," and "[w]e do not

9   ... necessarily assume the truth of legal conclusions merely because they are cast in the form of

10   factual allegations." *Id.*

11        The bare legal conclusions in the Complaint that plaintiffs' own a "fee interest" in the

12   Corridor cannot prevail over the express language of their own deeds, which plaintiffs

13   themselves attached to their Complaint. It has long been the rule in the Ninth Circuit that a

14   motion to dismiss under Fed. R. Civ. P. 12(b) need not assume the truth of allegations that are

15   contrary to public record documents: "A motion to dismiss pursuant to Rule 12(b) . . . admits all

16   well pleaded facts, but does not admit facts which the court will judicially notice as not being

17   true nor facts which are revealed to be unfounded by documents included in the pleadings or

18   introduced in support of the motion." *Interstate Nat. Gas Co. v. Southern California Gas Co.*,

19   209 F.2d 380, 384 (9th Cir. 1953). The exhibits that a plaintiff attaches to a complaint "are part

20   of the complaint for all purposes" and the Court is not required to "accept as true allegations that

21   *contradict* exhibits attached to the [c]omplaint." *Estate of Prasad ex rel. Prasad v. County of*

22   *Sutter*, 958 F.Supp.2d 1101, 1110 (E.D.Cal. 2013)(emphasis in original; *citing* and *quoting*

23   *Daniels–Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir.2010)). As stated in *Daniels-Hall*,

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1   "[w]e are not . . . required to accept as true allegations that contradict exhibits attached to the

2   Complaint or matters properly subject to judicial notice, or allegations that are merely

3   conclusory, unwarranted deductions of fact, or unreasonable inferences."  629 F.3d at 998. *Id.* at

4   1031.

5   **B.     The Individual Plaintiff's Lack Standing to Bring This Action**

6          As demonstrated by the deeds attached to plaintiffs' complaint, none of the legal

7   descriptions that plaintiffs submit include *any* property interest within the boundaries of the

8   Corridor.  These deeds appear to support ownership of property adjacent to the Corridor, but not

9   within the Corridor.  Absent some ownership interest in the Corridor, plaintiffs lack both Article

10  III and statutory standing to challenge King County's property rights in the Corridor.  *See*

11  *Johnson v. U.S.*, 402 Fed.Appx. 298, 300 (9th Cir. 2010)(plaintiff who "failed to establish that

12  she possesses an interest in the property at issue" lacked standing in quiet title action.); *Regan v.*

13  *Qwest Communications Intern., Inc.*, 2010 WL 3941471, at *7 (E.D.Cal. 2010)(Standing to bring

14  a cause of action for trespass and corresponding claims for unjust enrichment and declaratory

15  judgment require proof of ownership of the subject property.).

16         Because plaintiffs have no deeded property interest in the Corridor itself, plaintiffs' legal

17  assertion of fee ownership in their Complaint appears to rest on misapplication of Washington

18  State's "centerline presumption" doctrine.  The Washington Supreme Court has explained that:

19         By statute, upon abandonment of a public street or alley, title vests in the adjoining
           landowners.  Similarly, at common law, the conveyance of land bounded by or along a
20         highway carries title to the center of the highway unless there is something in the deed or
           surrounding circumstances showing an intent to the contrary.  This rule is based on a
21         presumption that the grantor intended to convey such fee along with and as a part of the
           conveyance of the abutting land, generally on the theory that the grantor did not intend to
22         retain a narrow strip of land which could be of use only to the owner of the adjoining
           land.  The rule is also intended to lessen litigation caused by the existence of narrow
23         strips of land distinct in ownership from the adjoining property.

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

*Roeder Co. v. Burlington Northern, Inc.*, 105 Wash.2d 567, 575-76, 716 P.2d 855

(1986)(footnotes omitted).  The centerline presumption, which was developed for road and

highway easements, also applies to railroad corridors that were created by means of an

easement.[4]  *Id.* at 576.

There are at least two reasons why any effort by plaintiffs to claim fee ownership in the

Corridor through the centerline presumption fails.  First, plaintiffs cannot claim the benefit of the

centerline presumption because they make no allegations in their Complaint establishing their

chain of title back to the original grantor of the property, nor do they submit the deeds necessary

to support that chain of title.  The original grantor is the person or entity that held fee title to *both*

the Corridor and the adjacent land when the Corridor was acquired by BNSF's predecessor

railroad.

As *Roeder* explains, a plaintiff is entitled to no centerline presumption whatsoever absent

chain of title proof:

> The presumption that the grantor intended to convey title to the center of the right of way
> is inapplicable where the adjoining landowner presents no evidence of having received
> his or her property from the owner of the right of way. A property owner receives no
> interest in a railroad right of way simply through ownership of abutting land.

105 Wash.2d at 578.  "Without evidence showing that the owner of abutting property received

that property from the fee owner of the right of way property, the railroad presumption is

inapplicable."  105 Wn.2d at 578.

Second, even if the centerline presumption is properly applied to plaintiffs' parcels, the

language in plaintiffs' deeds adequately refutes it.  The centerline presumption is only an

---

[4] King County disputes plaintiffs' assertion that the Corridor is held solely in easement.  The Ninth
Circuit's *Rasmussen* decision and other cases recognize that certain portions of the Corridor were held in
fee by BNSF and King County.  Nevertheless, for purposes of this motion only, King County will assume
that the Corridor adjacent to plaintiffs' properties is held only through an easement and will analyze the
centerline presumption doctrine in accord with this assumption.

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

operative presumption, not a *fait accompli*.   It does not support ownership of the Corridor by an

adjacent landowner when the language of the landowner's deed excludes the Corridor:  "the

conveyance of land which is bounded by a railroad right of way will give the grantee title to the

center line of the right of way if the grantor owns so far, *unless the grantor has expressly*

*reserved the fee to the right of way, or the grantor's intention to not convey the fee is clear*." *Id.*

(emphasis added).  What this means is that any grantor within plaintiffs chain of title is free to

defeat operation of the centerline presumption by expressly reserving the fee to the right of way

or otherwise indicating the intention to exclude the corridor from the conveyance.

In examining a conveyance, a major concern is to give effect to the intent of the parties.

*Id.* at 576.  Under the facts of *Roeder*, the centerline presumption is fully refuted in situations

where a metes and bounds legal description in a deed uses the railroad corridor as a boundary to

the adjacent property:

> When the deed refers to the grantor's right of way as a boundary without clearly
> indicating that the side of the right of way is the boundary, it is presumed that the grantor
> intended to convey title to the center of the right of way. When, however, a deed refers to
> the right of way as a boundary but also gives a metes and bounds description of the
> abutting property, the presumption of abutting landowners taking to the center of the right
> of way is rebutted.  *A metes and bounds description in a deed to property that abuts a*
> *right of way is evidence of the grantor's intent to withhold any interest in the abutting*
> *right of way, and such a description rebuts the presumption that the grantee takes title to*
> *the center of the right of way.*

*Id.* at 576-77 (emphasis added).  When a deed does not use a metes and bounds description, deed

language that excludes the railroad corridor from the parcel also overcomes the centerline

presumption.  *Id.* at 577 n.27.

Here, as noted in the facts section, all of the deeds submitted by the individual plaintiffs

exclude the Corridor from their property descriptions:

- Hornish Trust: the metes and bounds property description specifies the Corridor as the
  boundary of the property;

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

- Neighbors: the metes and bounds property description states "except that portion within the [Corridor]."

- Menezes/Vanderwende: the metes and bounds property description of parcel 1 states "except the [Corridor]," while the metes and bounds property description of parcel 2 specifies the Corridor as the boundary of the property;

- Moores:  the metes and bounds property description specifies the Corridor as the boundary of the property.

The legal description in these deeds adequately refutes any centerline presumption.  Plaintiffs simply have no property interest in the Corridor.[5]

The lack of a property interest deprives plaintiffs of standing under Article III.  Even if plaintiffs' were correct that King County's interest in the Corridor is limited to an easement, plaintiffs have no standing to raise this claim.  In order to "satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  Because plaintiffs have no ownership interest in the Corridor, they have no "injury in fact."  They cannot claim injury to property they do not own.

Absent a property interest in the Corridor, plaintiffs also lack statutory standing.  Actions to quiet title are controlled by RCW 7.28.010.  As the Washington Court of Appeals has

---

[5] If King County's property rights in the Corridor are limited to an easement, the reversionary interests in the fee would likely belong to the grantor in plaintiffs' chain of title (or the heirs of that grantor) who retained reversionary rights in the Corridor.  It is not necessary, for purposes of this motion, to determine which grantor retained reversionary rights or in what decade they were possible severed from plaintiffs' legal description or if plaintiffs' parcels ever included reversionary rights to the Corridor.  Plaintiffs' current legal descriptions are sufficient to demonstrate, as a matter of law, that they have no ownership claim. *See also King County v. Squire Inv. Co.*, 59 Wash.App. 888, 899, 801 P.2d 1022 (1990)(adjacent property owner has no interest even when successors to the original grantor's reversionary interest are unidentified and absent from the court).

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1    explained, a person has standing to bring a quiet title action only where the person has a valid

2    interest in real property and a right to possession:

3          RCW 7.28.010 sets forth the requirement regarding who may maintain an action to quiet
          title: "Any person having a *valid subsisting interest* in real property, *and a right to the*
4         *possession thereof* ..." (Italics ours.) CR 17(a) provides in part: "Every action shall be
          prosecuted in the name of the real party in interest." If Magart's claim of ownership fails,
5         he lacks standing to attack Fierce's claim, as the plaintiff in an action to quiet title must
          succeed on the strength of his own title and not on the weakness of his adversary.
6         *Rohrbach v. Sanstrom,* 172 Wash. 405, 406, 20 P.2d 28 (1933); *Turner v. Rowland,* 2
          Wash.App. 566, 573, 468 P.2d 702 (1970); *see also Shelton Logging Co. v. Gosser,* 26
7         Wash. 126, 66 P. 151 (1901).

8    *Magart v. Fierce*, 666 P.2d 386, 388-89, 35 Wash.App. 264, 266 (1983).  A party who is not the

9    owner of the property lacks standing under the statute to maintain a quiet title action.  *Id.* at 267;

10   *Washington Securities and Investment Corp. v. Horse Heaven Heights*, Inc., 130 P.3d 880, 884,

11   132 Wash.App. 188, 195, *review denied* 158 Wn.2d 1023 (2006).

12         Plaintiffs' similarly lack statutory standing under RCW 7.24.020, which allows a

13   declaratory judgment action only for persons "interested under a deed."  For standing under

14   Washington's declaratory judgment statute, "a party must (1) fall within the zone of interests that

15   the statute in question protects or regulates and (2) have suffered an 'injury in fact.'"  *Lakewood*

16   *Racquet Club, Inc. v. Jensen*, 156 Wash.App. 215, 224, 232 P.3d 1147 (2010).  Standing to

17   proceed under the declaratory judgment law, requires that:

18         a party must present a justiciable controversy *based on allegations of harm personal to*
          *the party* that are substantial rather than speculative or abstract. *Walker v. Munro,* 124
19        Wash.2d 402, 411, 879 P.2d 920 (1994). This statutory right is clarified by *the common*
          *law doctrine of standing, which prohibits a litigant from raising another's legal right.*
20        "The kernel of the standing doctrine is that one who is not adversely affected by a statute
          may not question its validity." *Id.* at 419, 879 P.2d 920.

21
22   *Grant County Fire Protection Dist. No. 5 v. City of Moses Lake,* 150 Wash.2d 791, 802, 83 P.3d

23   419 (2004) (emphasis added).  Without an ownership interest in the Corridor, plaintiffs have no

     standing to bring a declaratory judgment action against King County; they fall outside the zone

DEFENDANT KING COUNTY'S FRCP 12(b)(1)                    **Daniel T. Satterberg**, Prosecuting Attorney
& (6) MOTION TO DISMISS FOR LACK OF                      CIVIL DIVISION, Litigation Section
STANDING (15-cv-00284 RAJ) - 11                          900 King County Administration Building
                                                         500 Fourth Avenue
                                                         Seattle, Washington 98104
                                                         (206) 296-8820  Fax (206) 296-8819

of interest and have suffered no personal injury. *See Lakewood Racquet Club*, 156 Wash.App. at 228 (no justiciable interest where plaintiffs' lacked "an ownership interest in the benefited property).

C.     **"Sammamish Homeowners" Lacks Standing to Bring this Action**

The Sammamish Homeowners group also lacks standing to bring this action. The factual allegations in the complaint and the submitted deeds establish neither a direct injury to Sammamish Homeowners, nor do they establish associational standing for the group. The Court should dismiss this plaintiff from the lawsuit.

1.     **Sammamish Homeowners Has No Injury In Fact Because It Has No Ownership Interests in the Corridor**

There is no allegation in the Complaint that the corporate entity called Sammamish Homeowners owns any property adjacent to the Corridor, or otherwise possesses a property interest in the Corridor. *See* Complaint ¶12. To establish "the irreducible constitutional minimum of standing," a plaintiff invoking federal jurisdiction must establish "injury in fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury." *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1005 (9th Cir. 2011). As noted above, the lack of direct ownership precludes Sammamish Homeowners from proceeding independently of its members. It has no standing in its own right to bring this action.

2.     **Sammamish Homeowners Does Not Qualify for Associational or Representational Standing**

It is likely that Sammamish Homeowners will seek to proceed under the doctrine of associational or representational standing. The Supreme Court has recognized that:

> an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-8820  Fax (206) 296-8819

1   *Hunt v. Washington State Apple Advertising Com'n*, 97 S.Ct. 2434, 2441, 432 U.S. 333, 343

2   (1977).  The first two questions implicate the Court's Article III jurisdiction, while the third

3   question represents a prudential limitation on standing.  Here, Sammamish Homeowners satisfies

4   none of the criteria necessary to grant the entity associational standing.[6]

5         First, the Complaint is insufficient to demonstrate that the undisclosed members of the

6   Sammamish Homeowners would have standing to bring suit in their own names.  No injury in

7   fact by a specially named member of Sammamish Homeowners is alleged in the Compliant. *See*

8   Complaint ¶12.  There are no allegations for this individual establishing chain of title and no

9   deeds demonstrating chain of title.  As a result, there is no centerline presumption. *Roeder*, 105

10  Wash.2d at 578.  Especially when the named individual plaintiffs were unable to establish an

11  ownership interest in the Corridor, there should be no assumption – especially under Article III –

12  that undisclosed members of a corporate group would fare any better. *See Physicians Committee*

13  *for Responsible Medicine v. U.S. E.P.A.*, 292 Fed.Appx. 543, 545 (9th Cir. 2008)(denying

14  associational standing to group when individual appellants failed to establish sufficient evidence

15  of standing).

16        Indeed, the allegations in the Complaint and the deeds submitted by plaintiffs are

17  insufficient to satisfy the first prong of the *Hunt* test.  An associational plaintiff must provide

18  "specific allegations establishing that at least one *identified member* had suffered or would suffer

19  harm." *Associated General Contractors of America, San Diego Chapter, Inc. v. California Dept.*

20  *of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013)(emphasis in original).  An association fails to

21

22  ─────────────
    [6] Before turning to the *Hunt* criteria, the Court should dismiss Sammamish Homeowners from this
    lawsuit because the allegations in the Complaint fail to adequately describe the group or qualify it as an
    association.  The Complaint nowhere addresses the group's purposes, its bylaws, officers, or membership
23  to establish that it is an actual organization. *Egri v. Connecticut Yankee Atomic Power Co.*, 270
    F.Supp.2d 285, 292 (2002) (suggesting that group's "questionable existence" implicates standing).

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   meet this standard when it fails to identify any affected members by name.  *Id.*  Because

2   Sammamish Homeowners has failed in its burden to establish standing, it should be dismissed

3   from this lawsuit.  *Id.* at 1195.

4        Plaintiff Sammamish Homeowners also fails to establish standing under the second *Hunt*

5   prong.  The Complaint fails to aver that this lawsuit  is "germane to the organization's purpose."

6   The purpose of the organization is not pled in the Complaint.  The only information the Court

7   has about the purpose of Sammamish Homeowners is found in the Washington Secretary of State

8   filing that is attached as Exhibit 2.  The claimed purpose of the group is "Civic, work with

9   property owners and government organizations on regulations and projects that affect shorelines

10   in the City of Sammamish.  Examples are the East Sammamish trail and Willowmoor

11   reconfiguration of the Sammamish River."  Ex. 2.  A lawsuit to establish the private property

12   rights of members in the Corridor, which lies *upland* from the Lake Sammamish shoreline, is far

13   astray from this purpose.  Thus, Sammamish Homeowners should be denied associational

14   standing because it fails the second *Hunt* criteria.

15        Finally, associational standing should be denied to Sammamish Homeowners because

16   this suit cannot proceed absent the participation of the individual members of the Sammamish

17   Homeowners group.  *See Aspen Grove Owners Ass'n v. Park Promenade Apartments, LLC,* 2010

18   WL 4860345, at *4 (W.D.Wash.,2010)(plaintiff  homeowners association lacked standing under

19   third *Hunt* prong for CPA claim because claim required showing that "each homeowner was

20   injured and that each injury was caused by Defendants' allegedly unfair or deceptive acts").  As

21   the analysis in section B above demonstrates, this lawsuit cannot proceed without analyzing and

22   scrutinizing the legal descriptions of the individual properties owned by each member along the

23   Corridor.  Such an inquiry is highly individualized and requires an examination of the language

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1  and circumstances of each deed.  It also requires an examination of each individual's chain of

2  title.  Further, the Court can neither quiet title nor declare judgment without examining the

3  encroachments on the Corridor, which may require individualized surveys or claims of adverse

4  possession.  In short, contrary to the third *Hunt* criteria, this suit cannot proceed without the

5  individual participation of each Sammamish Homeowner member.  *See generally Washington*

6  *Legal Foundation v. Legal Foundation of Washington*, 271 F.3d 835, 850 (9th Cir. 2001)(plaintiff

7  association lacked standing under third *Hunt* prong for takings claim because determination of

8  just compensation required participation of individual members); *Lake Mohave Boat Owners*

9  *Ass'n v. National Park Service*, 78 F.3d 1360, 1367 (9th Cir. 1995)(plaintiff association lacked

10  standing under third *Hunt* prong for restitution claim because it required participation of

11  individual members to determine "[b]oat size, slip size, and amount of use.").

12      Thus, under any of the *Hunt* criteria, Sammamish Homeowners lacks standing to bring

13  this action.  The Court should dismiss Sammamish Homeowners from this case.

14      **D.    Plaintiffs Have Failed to State a Claim Upon Which Relief Can Be Granted**

15      The lack of any ownership interest in the Corridor not only removes plaintiff's Article III

16  and statutory standing, it also prevents them from stating a claim for which relief may be

17  granted.  The Court should dismiss plaintiffs' Complaint "if it is clear that no relief could be

18  granted under any set of facts that could be proven consistent with the allegations." *McGlinchy v.*

19  *Shull Chem. Co.*, 845 F.2d at 810 (citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir.1980).

20      Without an ownership interest in the Corridor, plaintiffs cannot prevail in this action.

21  Under Washington law, "[t]he party with superior title, whether legal or equitable, must prevail."

22  *Washington Securities and Investment Corp. v. Horse Heaven Heights, Inc.*, 130 P.3d 880, 884,

23

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1   132 Wash.App. 188, 195 (2006).  Without a valid property interest in the Corridor, plaintiffs

2   cannot state a claim upon which relief may be granted.

3   **V.      CONCLUSION**

4           For the foregoing reasons, the Court should grant King County's motion to dismiss.

5           DATED this 23rd day of March, 2015 at Seattle, Washington.

6                                               DANIEL T. SATTERBERG
                                                King County Prosecuting Attorney
7

8                                               By: *s/ David J. Hackett*
                                                DAVID HACKETT, WSBA #21236
                                                Senior Deputy Prosecuting Attorney
9

10                                              By: *s/ H. Kevin Wright*
                                                H. KEVIN WRIGHT, WSBA #19121
                                                Senior Deputy Prosecuting Attorney
11

12                                              By: *s/ Peter G. Ramels*
                                                PETER G. RAMELS, WSBA #21120
                                                Senior Deputy Prosecuting Attorney
13

14                                              By: *s/ Barbara Flemming*
                                                BARBARA A. FLEMMING, WSBA #20485
                                                Attorneys for Defendant King County
15

16                                              King County Prosecuting Attorney's Office
                                                500 Fourth Ave., 9th Floor
                                                Seattle, WA.  98104
17                                              Telephone: (206) 296-8820 / Fax: (206) 296-8819
                                                Email:  david.hackett@kingcounty.gov
18                                                      kevin.wright@kingcounty.gov
                                                        pete.ramels@kingcounty.gov
19                                                      barbara.flemming@kingcounty.gov

20

21

22

23

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 16

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819

1

## DECLARATION OF FILING AND SERVICE

2          I hereby certify that on March 23, 2015, I electronically filed the foregoing

3  document(s) with the Clerk of the Court using the CM/ECF system which will send notification

4  of such filing to the following:

5

6                          Daryl A. Deutsch, WSBA # 11003
                              Attorney for Plaintiff

7                         Rodgers, Deutsch & Turner, PLLC
                        Three Lake Bellevue Drive, Suite 100

8                               Bellevue, WA 98005
                              Email: daryl@rdtlaw.com

9                              Thomas S. Stewart
                               Elizabeth McCulley

10                            Attorneys for Plaintiff
                        BAKER STERCHI COWDEN & RICE, LLC

11                        2400 Pershing Road, Suite 500
                              Kansas City, MO  64108

12                            stewart@bscr-law.com
                              mcculley@bscr-law.com

13

14          I declare under penalty of perjury under the laws of the United States and the State of

15  Washington that the foregoing is true and correct.

16

          DATED this 23rd day of March, 2015 at Seattle, Washington.

17

18

19                          _s/ Karen Richardson_____
                            Karen Richardson

20                          King County Prosecuting Attorney's Office

21

22

23

DEFENDANT KING COUNTY'S FRCP 12(b)(1)
& (6) MOTION TO DISMISS FOR LACK OF
STANDING (15-cv-00284 RAJ) - 17

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-8820  Fax (206) 296-8819