1

The Honorable Marsha J. Pechman

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT
                             WESTERN DISTRICT OF WASHINGTON
                                        AT SEATTLE
8

9    SAMMAMISH HOMEOWNERS, a Washington          )
     non-profit corporation; THOMAS E HORNISH    )
     and SUZANNE J. HORNISH, TRUSTEES OF         )    No. 15-cv-00284 MJP
10   THE THOMAS E. HORNISH and SUZANNE J.        )
     HORNISH JOINT LIVING TRUST; TRACY and       )    DEFENDANT KING COUNTY'S
11   BARBARA NEIGHBORS; ARUL MENEZES and         )    REPLY IN SUPPORT OF FRCP
     LUCRETIA VANDERWENDE; and HEBERT            )    12(b)(1) & (6) MOTION TO DISMISS
12   MOORE and EVELYN MOORE,                     )    FOR LACK OF STANDING
                                                 )
13                                  Plaintiffs,  )    NOTE ON MOTION CALENDAR:
                                                 )    April 17, 2015
14          vs.                                  )
                                                 )
15   KING COUNTY, a political subdivision of the )
     State of Washington,                        )
16                                               )
                                    Defendant.   )
17   _____ )

18          Regardless of the effort to add 57 additional plaintiffs and a new defendant via an

19   amended complaint, the question remains whether the original five plaintiffs have standing to

20   bring this action.  Because the original five plaintiffs have failed in their burden to establish their

21   standing, each should be dismissed from further participation in this lawsuit.

22   A.     Plaintiffs' Bear the Burden to Establish Their Standing to Sue With Specific
            Allegations and Facts That Are Consistent With Their Deeds
23

DEFENDANT KING COUNTY'S REPLY IN SUPPORT          **Daniel T. Satterberg**, Prosecuting Attorney
OF FRCP 12(b)(1) & (6) MOTION TO DISMISS          CIVIL DIVISION, Litigation Section
FOR LACK OF STANDING (15-cv-00284 MJP)- 1         900 King County Administration Building
                                                  500 Fourth Avenue
                                                  Seattle, Washington  98104
                                                  (206) 296-0430  Fax (206) 296-8819

The five original plaintiffs do not dispute that they have the burden to establish their standing.  Indeed, in opposing a motion to dismiss for lack of Article III standing, a plaintiff who has invoked federal jurisdiction bears the burden  of demonstrating standing " through allegations of 'specific facts plausibly explaining' why the standing requirements are met." *Machlan v. Procter & Gamble Co.*, 14-CV-01982-JD, 2015 WL 106385, at *2 (N.D. Cal. Jan. 7, 2015) (*quoting Barnum Timber Co. v. Envtl. Prot. Agency,* 633 F.3d 894, 899 (9th Cir.2011)).

Despite the opportunity to amend their complaint to plead specific facts establishing standing, the five original plaintiffs stand pat.  They do not dispute that the deeds they attached to their complaint are part of the complaint.   They do not dispute the abundant case law holding that a court is not required to accept conclusory legal allegations as true when contradicted by attachments to a complaint.  They do not supplement the allegations in their complaint to assert a chain of title that would support the centerline presumption, nor do they assert other facts necessary to claim the benefit of  Washington's "centerline presumption" doctrine.  Instead, Plaintiffs simply assert that they "will ultimately prove" that they own to the centerline, and that a "plausible" cause of action will do for the moment.  Pl. Resp. 2 n.2, 3.

Because King County is challenging this Court's jurisdiction to hear plaintiffs' action,[1] plaintiffs' burden to establish their standing is more substantial than unspecified, conclusory allegations of "fee ownership."  When a defendant challenges the factual basis for the Court's jurisdiction, a court is permitted to look beyond plaintiffs' conclusory allegations:

---

[1] In a footnote, plaintiffs suggest that King County made the same motion to dismiss in *Kaseburg v. Port of Seattle et al*. No. 2:14-CV-000784-JCC and that "Judge Coughenour has already denied the Defendants' Motion to Dismiss (Doc. 59)."  Pl. Resp. at 2 n.1.  Any such suggestion is false.  Although King County brought *a* motion to dismiss in the *Kaseburg* matter, it did not address the standing issues raised in the current motion.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF FRCP 12(b)(1) & (6) MOTION TO DISMISS FOR LACK OF STANDING (15-cv-00284 MJP)- 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Plaintiffs have the burden of establishing standing. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction"). A Rule 12(b)(1) motion to dismiss for lack of standing may attack the court's subject matter jurisdiction either facially or factually. *See White*, 227 F.3d at 1242. Here, the government contends that the noneconomic injuries Plaintiffs allege in their complaint do not exist in fact. *When, as here, a Rule 12(b)(1) attack is factual, the court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment. Id. The court also need not presume the truthfulness of a plaintiff's allegations.*

*Kingman Reef Atoll Investments, L.L.C. v. U.S. Dep't of Interior*, 195 F. Supp. 2d 1178, 1183 (D. Haw. 2002)(emphasis added).  Here, as a matter of law, plaintiffs own deeds refute application of the centerline presumption, thereby leaving plaintiffs without standing to bring this action.

**B.     Plaintiffs' Have No Ownership Interest In the Corridor Under Washington's Centerline Presumption Doctrine**

Plaintiffs' do not dispute that their alleged ownership of the Corridor and their standing rests upon application of the centerline presumption.  Because their deeds do not describe land within the Corridor, Plaintiffs admit (as they must) that their standing relies upon beneficial application of the centerline presumption.  Pl. Resp. at 4.  Application of this presumption to grant plaintiffs' ownership of the corridor remains legally impossible because: 1) they make no allegation establishing their chain of title back to the original grantor of the property, and 2) their deeds contain metes and bounds descriptions that expressly exclude the corridor.[2]  *Roeder Co. v. Burlington Northern, Inc.*, 105 Wn.2d 567, 575-76 (1986).

Seeking to avoid the binding *Roeder* precedent, Plaintiffs claim that *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 156 Wn. 2d 253, 273 (2006) is actually the controlling authority on centerline presumption issues.  Pl. Resp. at 6-9.  Not so.  The *Kershaw*

---

[2] A metes and bounds legal description carefully and explicitly describes the land conveyed by a deed. Such a description, that explicitly excludes an adjacent right of way, rebuts any presumption that the right of way was intended to be included in the conveyance.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF FRCP 12(b)(1) & (6) MOTION TO DISMISS FOR LACK OF STANDING (15-cv-00284 MJP)- 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    case did not address the centerline presumption.  It examined whether a 1960 quit claim deed

2    from mother to son, which excepted the "right-of-way of the Northern Pacific Railway," was

3    ambiguous and analyzed the deed based on other evidence in the record clarifying the grantor's

4    intent.[3]  *Id.* at 26.   The *Kershaw* decision did not address -- much less overrule -- *Roeder*'s

5    holding that a metes and bounds description "rebuts the presumption that the grantee takes title

6    to the center of the right of way."  105 Wn.2d at 577.

7          In an apparent recognition that the centerline presumption does not favor their cause,

8    plaintiffs' attempt to insert Texas' "strip and gore" doctrine[4] into Washington law.  Pl. Resp. at

9    4.  No Washington case has ever adopted "strip and gore."  Indeed, as plaintiffs' response brief

10   illustrates, the "strip and gore" doctrine is inconsistent with Washington law, especially the

11   Washington Supreme Court's decision in the *Roeder* case.

12         Even if this Court were to import "strip and gore" into Washington law, it does not

13   establish plaintiffs' standing.  The "doctrine refers to the public policy rationale that disfavors

14   'the conveyance of strips of land by fee simple titles to railroad companies for right-of-way

15   purposes, either by deed or condemnation.'"  *Blendu v. United States,* 79 Fed. Cl. 500, 507 n.7

16   (Fed. Cl. 2007); *see also Estate of Smith v. Spinelli*, 216 P.3d 524, 533 (Alas. 2009); *Miller v.*

17   *Crum*, 314 S.W.2d 389, 395 (Tex. App. 1958).  The doctrine also addresses whether the original

18   grantor intended to convey their underlying fee interest in a strip of land along with an adjoining

19

20   [3] In their proposed Amended Complaint, plaintiffs make no allegations that similar evidence exists in the
     current case.  They could not make such allegations because plaintiffs make no effort to plead their chains
21   of title, nor is it likely that their properties were passed down generation-to-generation from the original
     grantor as in the *Kershaw* case.
22
     [4] The "strip and gore" doctrine has been primarily adopted in Texas.  Courts in a few other jurisdictions
23   have also recognized the doctrine as a presumption for deed interpretation.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT          **Daniel T. Satterberg**, Prosecuting Attorney
OF FRCP 12(b)(1) & (6) MOTION TO DISMISS          CIVIL DIVISION, Litigation Section
FOR LACK OF STANDING (15-cv-00284 MJP)- 4         900 King County Administration Building
                                                   500 Fourth Avenue
                                                   Seattle, Washington  98104
                                                   (206) 296-0430  Fax (206) 296-8819

1    parcel.  *See Naumann v. Lee*, 2012 Tex. App. LEXIS 2756, at *12 (Tex. App. Apr. 5, 2012) (the

2    doctrine "is a presumption that a deed conveys a small parcel of land omitted from the

3    description of the land conveyed if the parcel (1) is small in comparison to the land conveyed, (2)

4    is adjacent to or surrounded by the land conveyed, (3) belonged to the grantor at the time of the

5    conveyance, and (4) was of no benefit or importance to the grantor….[and] applies only when

6    there is ambiguity as to the land intended to be conveyed...").  None of the specific facts alleged

7    by plaintiffs make this Texas doctrine relevant to the current case.

8          Similarly, plaintiffs also misstate the holding in *Beres v. United States*, 97 Fed. Cl. 757

9    (Ct. Cl. 2011) .  Pl Resp. at 8.  Although the *Beres* court did hold that the railroad conveyances at

10   issue there were easements – directly contrary to the express holdings of the Ninth Circuit Court

11   of Appeals, the United States District Court for Western District and King County Superior

12   Court[5] – the *Beres* court did not apply the centerline presumption and did not reach the question

13   of who owned the underlying fee interest.  *Beres,* 97 Fed. Cl. at 765 n.17 & 809 ("At this time,

14   the court does not reach a legal judgment as to the validity of the chain of title with respect to

15   any of the plaintiffs' properties.").  The *Beres* decision, therefore, has no relevance to plaintiffs'

16   standing or King County's motion to dismiss.

17         Despite plaintiffs' efforts to confuse the issue, the centerline presumption is just that:  a

18   presumption.  Like any presumption, it may be rebutted, as it is here by plaintiffs' own metes and

19

20   [5] In *King County v. Rasmussen*, 143 F. Supp. 2d 1225 (W.D. WA 2001), Judge Rothstein held as a matter
     of law that a source deed granted a fee interest to the railroad for certain properties along the eastern shore
21   of Lake Sammamish, some of which are at issue in this litigation.  This decision was affirmed by the 9th
     Circuit Court of Appeals.  299 F.3d 1077 (9th Cir. 2002). Where the railroad owned the right of way in
22   fee, the centerline presumption cannot be invoked.  As indicated in King County's motion to dismiss and
     for purposes of this motion only, however, the County assumes the corridor adjacent to the plaintiffs'
23   properties is held as an easement.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  bounds property descriptions, which exclude the Corridor from plaintiffs' properties.  Because

2  plaintiffs have failed to supply their chains of title and/or allege specific facts that would support

3  application of the centerline presumption *despite the language of their own deeds*, plaintiffs have

4  failed in their burden to establish standing.  Thus, as a matter of law, King County's motion to

5  dismiss plaintiffs' complaint should be granted.

6  **C.    The "Sammamish Homeowners" Organization Lacks standing**

7         As noted in King County's Motion to Dismiss, under *Hunt v. Washington State Apple*

8  *Adver. Comm'n,* 432 U.S. 333, 343 (1977), associational standing is determined by a three-part

9  test.  KC Motion at 12-13 (dkt. 9).  Plaintiff Sammamish Homeowners argues only that it meets

10 the first *Hunt* criteria, while ignoring the second and third parts of the test.  As such, the

11 organization has failed in its burden to establish associational standing.

12        With regard to the first *Hunt* criteria – that the members would have standing to sue in

13 their own right – Sammamish Homeowners fails to identify any of its members, much less a

14 member with standing to sue.  The proposed amended complaint does not address this problem,

15 even though it was pointed out in King County's motion.  KC Motion at 13-14.  Without specific

16 allegations on the first *Hunt* criteria, Sammamish Homeowners lacks Article III standing to

17 proceed with this lawsuit.  *E.g., Associated General Contractors of America, San Diego Chapter,*

18 *Inc. v. California Dept. of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013).

19        Sammamish Homeowners also makes no effort to explain its purpose or how this suit fits

20 within its purpose as required for Article III standing under the second *Hunt* criteria.  Its failure

21 to address the second *Hunt* test also eliminates the organization's standing under Article III.

22        Finally, Sammamish Homeowners fails the third *Hunt* test, where an association lacks

23 standing if "the claim asserted []or the relief requested requires the participation of individual

DEFENDANT KING COUNTY'S REPLY IN SUPPORT
OF FRCP 12(b)(1) & (6) MOTION TO DISMISS
FOR LACK OF STANDING (15-cv-00284 MJP)- 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   members in the lawsuit." 432 U.S. at 333.  Because the centerline presumption requires an

2   individualized analysis of property rights, Sammamish Homeowners cannot recover without the

3   participation of each of its members.  As discussed, landowners must demonstrate chains of title

4   back to the original grantor of the railroad right-of-way before they are entitled to apply the

5   centerline presumption. *Roeder Co. v. Burlington N., Inc.*, 105 Wash. 2d 567, 716 P.2d 855

6   (1986).  "A property owner receives no interest in a railroad right of way simply through

7   ownership of abutting land." *Id.* at 862.  Although Plaintiffs argue it is enough merely to

8   reference proof of their current ownership (without other required "specific allegations"), that is

9   contrary to the holding of the *Roeder* case. Other individualized aspects of proof in a quiet title

10  and declaratory judgment action are addressed in King County's motion and stand unrefuted by

11  plaintiffs.[6]  *See* KC Motion at 13-14.

12          The Plaintiffs' primary authority on associational standing, *United Food & Commercial*

13  *Workers Union Local 751 v. Brown Grp., Inc.*, does not alter the requirements of Article III, or

14  the analysis of *Hunt*.  517 U.S. 544, 548, 116 S. Ct. 1529, 1532 (1996).  Although *Brown Group*,

15  did allow a union to sue on behalf of its individual members, it was only because the Worker

16  Adjustment and Retraining Notification Act contained language authorizing unions to file suit on

17  behalf of affected members. *Id.* at 547. The statute itself said individual participation was not

18  necessary to recover, so the union met the prudential standard set forth in the third *Hunt* test.

19  Sammamish Homeowners does not—and cannot—point to any statute authorizing an association

20  to enforce the centerline presumption on behalf of its members, nor would such a statute get

21  them past the first two *Hunt* inquiries, which are constitutional requirements under Article III.

22  _____

23  [6] Presumably, King County's plans to construct a trail in the Corridor impact adjacent property owners
    differently.  Individual property owners are required in order to litigate such claims.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT
OF FRCP 12(b)(1) & (6) MOTION TO DISMISS
FOR LACK OF STANDING (15-cv-00284 MJP)- 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1       The associational standing of the Sammamish Homeowners group is not a close question.

2   As such, the organization should be dismissed from this action for lack of standing.

3       DATED this 17th day of April, 2015 at Seattle, Washington.

4
                                DANIEL T. SATTERBERG
5                               King County Prosecuting Attorney

6                               By: s/ David J. Hackett
                                DAVID HACKETT, WSBA #21236
7                               Senior Deputy Prosecuting Attorney

8                               By: s/ H. Kevin Wright
                                H. KEVIN WRIGHT, WSBA #19121
9                               Senior Deputy Prosecuting Attorney

10                              By: s/ Peter G. Ramels
                                PETER G. RAMELS, WSBA #21120
11                              Senior Deputy Prosecuting Attorney

12                              By: s/ Barbara Flemming
                                BARBARA A. FLEMMING, WSBA #20485
13                              Attorneys for Defendant King County

14                              King County Prosecuting Attorney's Office
                                500 Fourth Ave., 9th Floor
15                              Seattle, WA.  98104
                                Telephone: (206) 296-8820 / Fax: (206) 296-8819
16                              Email:  david.hackett@kingcounty.gov
                                        kevin.wright@kingcounty.gov
17                                      pete.ramels@kingcounty.gov
                                        barbara.flemming@kingcounty.gov
18

19

20

21

22

23

DEFENDANT KING COUNTY'S REPLY IN SUPPORT
OF FRCP 12(b)(1) & (6) MOTION TO DISMISS
FOR LACK OF STANDING (15-cv-00284 MJP)- 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## DECLARATION OF FILING AND SERVICE

I hereby certify that on April 17, 2015, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daryl A. Deutsch, WSBA # 11003
Attorney for Plaintiff
Rodgers, Deutsch & Turner, PLLC
Three Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
Email: daryl@rdtlaw.com

Thomas S. Stewart
Elizabeth McCulley
Attorneys for Plaintiff
BAKER STERCHI COWDEN & RICE, LLC
2400 Pershing Road, Suite 500
Kansas City, MO  64108
stewart@bscr-law.com
mcculley@bscr-law.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 17th day of April, 2015 at Seattle, Washington.

_s/ Natalie Duran_____
Natalie Duran
King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S REPLY IN SUPPORT
OF FRCP 12(b)(1) & (6) MOTION TO DISMISS
FOR LACK OF STANDING (15-cv-00284 MJP)- 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819