The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMMAMISH HOMEOWNERS, a Washington non-profit corporation; THOMAS E HORNISH and SUZANNE J. HORNISH, TRUSTEES OF THE THOMAS E. HORNISH and SUZANNE J. HORNISH JOINT LIVING TRUST; TRACY and BARBARA NEIGHBORS; ARUL MENEZES and LUCRETIA VANDERWENDE; and HEBERT MOORE and EVELYN MOORE,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a political subdivision of the State of Washington,<br><br>Defendant. | No. 15-cv-00284 MJP<br><br>DEFENDANT KING COUNTY'S OPPOSITION TO SECOND EXTENSION OF TIME<br><br>NOTE ON MOTION CALENDAR: July 31, 2015 |

This Court's June 5, 2015 Order Re: Motion to Dismiss for Lack of Standing determined that plaintiff's lacked standing to proceed with this action and provided them with the opportunity "to file an amended complaint which addresses the issues raised herein within 14 days. *Sammamish Homeowners v. Cnty. of King*, C15-284 MJP, 2015 WL 3561533, at *5 (W.D. Wash. June 5, 2015). On June 19, 2015, the Court granted Plaintiffs' motion for a 30 day extension of this deadline and granted plaintiff's "leave to file an amended complaint no later

DEFENDANT KING COUNTY'S
OPPOSITION TO SECOND EXTENSION
OF TIME (15-cv-00284 MJP)- 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

than July 20, 2015." Dkt. 23.  Plaintiffs now seek a *second* extension to file an amended complaint without providing (1) any reasonable excuse for failing to meet their first extended deadline, or (2) a viable legal or factual theory to overcome their standing deficiencies.  Thus, King County respectfully asks this Court to deny Plaintiffs' second requested extension and enter final judgment dismissing Plaintiffs' case with prejudice per the June 5, 2015 Order.

**A.      Plaintiffs Have Failed to Provide Any Reasonable Explanation For Their Delay in Obtaining the Necessary Title Reports**

In the declaration that Plaintiffs submit with their second motion for an extension, Plaintiffs' admit that they did not order chains of title until July 1, 2015.  Dkt. 24-1 at 2.  No excuse is provided for this delay, which is 26 days after this Court confirmed Plaintiffs' need to obtain chains of title in its June 5, 2015 Order.

Although it was unreasonable for Plaintiffs to wait 26 days after this Court's Order before seeking chains of title, Plaintiffs' lack of diligence dates even farther back in time.  On February 25, 2015, Plaintiffs filed their complaint in this action seeking Declaratory Judgment and Quiet Title against King County, but did so without any necessary title investigations, including obtaining a chain of title report.  *See Roeder Co. v. Burlington Northern, Inc.*, 105 Wash.2d 567, 578, 716 P.2d 855 (1986) (requiring chain of title to support ownership claim based on centerline presumption).  On March 23, 2015, Plaintiffs had another opportunity to initiate a title investigation when King County filed its Motion to Dismiss and put Plaintiffs on notice of the need to investigate and determine their chains of title.  Dkt. 9.  Nothing was done at this point either.

A District Court has the discretion to deny leave to amend where the plaintiff has engaged in "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

DEFENDANT KING COUNTY'S
OPPOSITION TO SECOND EXTENSION
OF TIME (15-cv-00284 MJP)- 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Smith v. Pac. Properties & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). Because Plaintiffs' delay in obtaining title work in the face of an explicit court-imposed deadline is undue and unexplained, the Court should deny Plaintiffs' motion for a second extension and dismiss this case with prejudice for the reasons stated in the June 5, 2015 Order.

**B.     The Court Should Deny Plaintiffs' Second Extension Because They Offer No Legally Viable Means of Curing Their Defective Standing**

   **1.     It is Futile for the Original Named Plaintiff's To Obtain Chains of Title**

In ruling on King County's Motion to Dismiss for Lack of Standing, the Court ruled that application of the centerline presumption carried two requirements: Proof of chain of title *and* a current deeded interest in the railroad corridor. *See Sammamish Homeowners v. Cnty. of King*, C15-284 MJP, 2015 WL 3561533, at *2 (W.D. Wash. June 5, 2015)("the Washington Supreme Court set two restrictions on the presumption, and Plaintiffs have run afoul of both of them."). Although the individually named Plaintiffs failed under the first requirement, this Court held that the second restriction was "[m]ore immediately fatal to their claim." *Id.* Thus, while Plaintiffs claim the necessity for an extension to determine chain of title, they fail to address how they could possibly overcome the deficiencies in their own legal descriptions.

For plaintiff SHO, the requested extension is even more unnecessary. SHO owns no property adjacent to the corridor, and as this Court held, failed to meet any of the Article III and prudential requirements for standing. A chain of title report has no bearing on two of the three standing requirements. As such, the requested extension lacks a purpose for establishing SHO's ability to proceed with this action.

DEFENDANT KING COUNTY'S
OPPOSITION TO SECOND EXTENSION
OF TIME (15-cv-00284 MJP)- 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

### 2. It is Untimely and Futile For Plaintiffs to Present A Legal Expert to Provide Opinions on the Law

Plaintiffs further state that a second extension is necessary because they have retained an expert "who will express the opinion that Plaintiffs own the fee in the right-of-way under Washington law" and "also respond to the issues raised by the Court relating to the title conclusion that the words 'reserve' a right-of-way does not amount to a reservation unto the grantor intending to expressly reserve the right-of-way unto themselves. . . ." Even if Plaintiffs are able to obtain expert testimony that provides the proposed legal opinion to the Court, it is both untimely and futile.

It is untimely because Plaintiffs are well beyond the deadline for filing a motion for reconsideration. Under Local Rule 7(h), a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed." Plaintiffs' deadline for reconsideration from the June 5, 2015 order expired on June 19, 2015. There is no need to grant a second extension in order to facilitate Plaintiff's submission of expert legal opinion, which is really just an untimely request for reconsideration of the June 5, 2015 Order.

Plaintiff's request for an extension in order to present an expert declaration on Washington property law is also futile because such a declaration is inadmissible. It is well established that "an expert witness cannot give an opinion as to her *legal conclusion,* i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). The determination of applicable law is the sole function of the Court. Through its June 5, 2015 order, this Court already determined the application of Washington law to Plaintiffs' centerline allegation. The opinions of an unnamed expert who

DEFENDANT KING COUNTY'S
OPPOSITION TO SECOND EXTENSION
OF TIME (15-cv-00284 MJP)- 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  apparently disagrees with the Court's holdings are of no moment and cannot justify a second

2  extension of the amendment deadline.

3      For these reasons, King County respectfully requests that the Court deny Plaintiffs'

4  motion for a second extension and dismiss this matter with prejudice per the June 5, 2015 Order.

5      DATED this 17th day of July, 2015 at Seattle, Washington.

                      DANIEL T. SATTERBERG
                      King County Prosecuting Attorney

                      By: *s/ David J. Hackett*
                      DAVID HACKETT, WSBA #21236
                      Senior Deputy Prosecuting Attorney

                      By: *s/ H. Kevin Wright*
                      H. KEVIN WRIGHT, WSBA #19121
                      Senior Deputy Prosecuting Attorney

                      By: *s/ Peter G. Ramels*
                      PETER G. RAMELS, WSBA #21120
                      Senior Deputy Prosecuting Attorney

                      By: *s/ Barbara Flemming*
                      BARBARA A. FLEMMING, WSBA #20485
                      Attorneys for Defendant King County

                      King County Prosecuting Attorney's Office
                      500 Fourth Ave., 9th Floor
                      Seattle, WA.  98104
                      Telephone: (206) 296-8820 / Fax: (206) 296-8819
                      Email:  david.hackett@kingcounty.gov
                               kevin.wright@kingcounty.gov
                               pete.ramels@kingcounty.gov
                               barbara.flemming@kingcounty.gov

DEFENDANT KING COUNTY'S
OPPOSITION TO SECOND EXTENSION
OF TIME (15-cv-00284 MJP)- 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## DECLARATION OF FILING AND SERVICE

I hereby certify that on July 17, 2015, I electronically filed the foregoing document(s) with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daryl A. Deutsch, WSBA # 11003
Attorney for Plaintiff
Rodgers, Deutsch & Turner, PLLC
Three Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
Email: daryl@rdtlaw.com

Thomas S. Stewart
Elizabeth McCulley
Attorneys for Plaintiff
9200 Ward Parkway, Suite 550
Kansas City, MO 64114
stewart@swm.legal
mcculley@swm.legal

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 17th day of July, 2015 at Seattle, Washington.

*s/ Kris Bridgman*
Kris Bridgman, Legal Secretary
King County Prosecuting Attorney's Office

---

DEFENDANT KING COUNTY'S
OPPOSITION TO SECOND EXTENSION
OF TIME (15-cv-00284 MJP)- 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819