THE HONORABLE MARSHA PECHMAN

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS E. HORNISH AND SUZANNE J. HORNISH JOINT LIVING TRUST, TRACY AND BARBARA NEIGHBORS, ARUL MENEZES AND LUCRETIA VANDERWENDE, LAKE SAMMAMISH 4257 LLC, HEBERT MOORE AND ELYNNE MOORE, AND EUGENE MOREL AND ELIZABETH MOREL,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a home rule charter county,<br><br>Defendants. | Case No.: 2:15-cv-00284-MJP<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Counsel for the parties have met and conferred regarding a plan for discovery. Plaintiffs, by and through their attorneys of record, Daryl Deutsch, Thomas S. Stewart and Elizabeth Gepford McCulley, and Defendant King County, by and through its attorneys of record, David J. Hackett and Andrew W. Marcuse, , submit the following joint status report and discovery plan.

1. Statement of Nature and Complexity of Case. Plaintiffs' Amended Complaint seeks a declaratory judgment that "the railroad only acquired an easement for railroad purposes over and through Plaintiffs' land and King County, by the Quit Claim Deed from BNSF, only

JOINT STATUS REPORT AND DISCOVERY PLAN - 1
No. 2:15-cv-00284-MJP

acquired a surface easement for a hiking and biking trail with the possible reactivation of a railroad by and through the Trails Act." Defendant King County has filed their answer with a counter-claim also seeking declaratory judgment and to quiet title in the railroad corridor.

    2.    <u>Proposed Deadline for Joining Additional Parties</u>.  The parties propose December 4, 2015 as the deadline for joining additional parties.

    3.    <u>Consent to Use of Magistrate</u>.  No.

    4.    <u>Discovery Plan</u>.

    (A)    <u>Initial Disclosures</u>.  The parties exchanged initial disclosures on September 23, 2015.

    (B)    <u>Subjects, Timing, and Potential Phasing of Discovery</u>.  Discovery by Plaintiff will include, but not be limited to, interrogatories, requests for production of documents, requests for admissions, and depositions.  Defendant's discovery will include, but not be limited to, interrogatories, requests for production of documents, requests for admissions, and depositions

The most efficient method for resolving this litigation is to allow the parties to conduct discovery in the normal fashion and file motions for summary judgment as they see fit.

    (C)    <u>Electronically Stored Information</u>.  The parties do not expect that discovery in this matter will involve unusual amounts of electronically-stored information.

    (D)    <u>Privilege Issues</u>.  The parties do not expect any unusual privilege issues to arise during discovery.  The parties will attempt in good faith to resolve any privilege-related issues that arise cooperatively and without intervention by the Court.

    (E)    <u>Proposed Limits on Discovery</u>.  The parties do not request any proposed limits on discovery at this time.

(F)  <u>The Need for Any Discovery-Related Orders</u>.  At this time, the parties do not expect to seek a protective order.

5.  <u>Local Civil Rule 26(f)(1)</u>.

(A)  <u>Prompt Case Resolution</u>.  The parties do not believe there is a strong likelihood of promptly settling or otherwise resolving this case without court intervention.

(B)  <u>Alternative Dispute Resolution</u>.  See response to 5(A) above, but the parties will consider and comply with local rules and the possibility of alternative dispute resolution as the litigation progresses.

(C)  <u>Related Cases</u>.  This case is related to *Tracy Neighbors, et al. v. King County*, Case No. 2:15-cv-01358 currently pending before this Court.

(D)  <u>Discovery Management</u>.  The parties have agreed to manage discovery to promote the expeditious and inexpensive management of this case.  The parties agree to electronic service of process under Fed. R. Civ. P. 5(b)(E).

(E)  <u>Anticipated Discovery Sought</u>.  See response to 4(B).

(F)  <u>Phasing of Motions</u>.  The parties propose that discovery should be conducted in the normal fashion and that the parties shall file motions for summary judgment as they see fit.  Discovery and summary judgment motions may address continuing standing objections made by the Defendant, the interpretation of original source conveyances to the railroad, including deeds and prescriptive easement issues, title issues, and the interpretation of the Trails Act.

(G)  <u>Preservation of Discoverable Information</u>.  The parties do not foresee any issues arising in this regard.

JOINT STATUS REPORT AND DISCOVERY PLAN - 3
No. 2:15-cv-00284-MJP

(H) <u>Privilege Issues</u>. The parties do not expect any unusual privilege issues to arise during discovery. The parties will attempt in good faith to resolve any privilege-related issues that arise cooperatively and without intervention by the Court.

(I) <u>Model Protocol for Discovery of ESI</u>. The parties do not agree to adopt the Western District of Washington's Model Protocol for Discovery of ESI, as they do not believe that it will be necessary in this case.

(J) <u>Alternatives to Model Protocol</u>. N/A.

6. <u>Proposed Date By Which Discovery Can Be Completed</u>. The parties believe that all discovery can be completed by July 31, 2016.

7. <u>Bifurcation</u>. The parties do not believe that the case should be bifurcated in any fashion.

8. <u>Potential for Dispensing with Local Civil Rules 16(e), (h), (i), and (k)</u>. The parties do not agree to dispense with the above-referenced Local Civil Rules at this time.

9. <u>Individualized Trial Program</u>. The parties do not intend at this time to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2. The parties may be amenable to mediation pursuant to Local Civil Rule 39.1(c).

10. <u>Other Suggestions for Shortening or Simplifying the Case</u>. To the extent reasonably possible, the parties will agree to stipulate to facts that are not genuinely in dispute. Further, the parties expect to file motions for summary judgment that may aid the parties and the Court in shortening or simplifying the trial of this matter.

11. <u>Proposed Trial Date</u>. The parties believe this case will be ready for trial by November 28, 2016.

JOINT STATUS REPORT AND DISCOVERY PLAN - 4
No. 2:15-cv-00284-MJP

12. <u>Whether the Trial will be Jury or Non-Jury</u>.  This case will not be tried by a jury.

13. <u>Length of Trial</u>.  The parties presently believe the trial of this case will take approximately 10 trial days.

14. <u>Names, Addresses, and Telephone Numbers of Trial Counsel</u>.

**Counsel for Plaintiff:**

Thomas S. Stewart
Elizabeth Gepford McCulley
Stewart, Wald & McCulley, LLC
9200 Ward Parkway, Suite 550
Kansas City, MO  64114
Telephone:  (816) 303-1500
Facsimile:  (816) 527-8068

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA  98005
Telephone:  (425) 455-1110
Facsimile:  (425) 455-1626

**Counsel for Defendant:**

David J. Hackett
Andrew W Marcuse
King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039

15. <u>Potential Scheduling Conflicts for Trial Counsel</u>.  None at this time.

16. <u>Status of Service</u>.  All defendants in this matter have been served.

17. <u>Scheduling Conference</u>.  The parties do not request a scheduling conference prior to entry of a scheduling order in this case.

1    18.    Filing of Corporate Disclosure Statements.  Plaintiff filed its Corporate Disclosure Statements on September 22, 2015.

    19.    Consent to Pilot Project on Cameras in the Courtroom.  The parties do not elect to participate in the Pilot Project on Cameras in the Courtroom at this time.

    DATED this 30th day of September, 2015.

                            Respectfully submitted by:


                            /s/ Thomas S. Stewart
                            Thomas S. Stewart
                            Elizabeth Gepford McCulley
                            Stewart, Wald & McCulley, LLC
                            9200 Ward Parkway, Suite 550
                            Kansas City, MO  64114
                            Telephone:  (816) 303-1500
                            Facsimile:  (816) 527-8068

                            RODGERS DEUTSCH & TURNER, P.L.L.C.
                            Daryl A. Deutsch, WSBA No. 11003
                            Rodgers Deutsch & Turner, P.L.L.C.
                            3 Lake Bellevue Dr. Suite 100
                            Bellevue, WA  98005
                            Telephone:  (425) 455-1110
                            Facsimile:  (425) 455-1626
                            daryl@rdtlaw.com
                            **Counsel for Plaintiffs**


                            /s/ David J. Hackett
                            David J. Hackett
                            Andrew W Marcuse
                            King County Prosecuting Attorney, Civil Division
                            500 4th Avenue, Suite 900
                            Seattle, WA 98104-5039
                            **Counsel for Defendants**

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
No. 2:15-cv-00284-MJP