THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS E. HORNISH AND SUZANNE J. HORNISH JOINT LIVING TRUST, TRACY AND BARBARA NEIGHBORS, ARUL MENEZES AND LUCRETIA VANDERWENDE, LAKE SAMMAMISH 4257 LLC, HERBERT MOORE AND ELYNNE MOORE, AND EUGENE MOREL AND ELIZABETH MOREL,<br><br>Plaintiffs,<br><br>v.<br><br>KING COUNTY, a home rule charter county,<br><br>Defendant. | No. 2:15-cv-00284-MJP<br><br>**KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 19, 2016** |

KING COUNTY'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT ........................................................................................................................2

    A. PLAINTIFFS HAVE NOT RESPONDED TO KING COUNTY'S ARGUMENT THAT THE RAILROAD'S PROPERTY INTERESTS WERE PRESERVED THROUGH RAILBANKING AND TRANSFERRED TO THE COUNTY................................................................................................... 2

    B. PLAINTIFFS HAVE NOT DISTINGUISHED *RASMUSSEN* AND *RAY*, WHICH HOLD THAT KING COUNTY OWNS A FEE INTEREST IN THE CORRIDOR ADJACENT TO THE HORNISH PLAINTIFFS. ....................... 3

    C. THE CORRIDOR IS ONE HUNDRED FEET WIDE, EXCEPT WHERE NARROWED BY SPECIFIC PROPERTY TRANSACTIONS. ............................... 5

        1. King County's Claims Regarding the Width of the Corridor Are Properly Before the Court. .................................................................... 5

        2. The Width of the Corridor is Completely Resolved by Application of RCW 7.28.070 to the Undisputed Facts. ........................................... 7

        3. Plaintiffs Do Not Rebut The Historical Evidence Showing The Railroad Originally Acquired One Hundred Foot Of Width In The Corridor. ............................................................................................... 8

        4. Plaintiffs Do Not Rebut King County's Evidence That A One Hundred Foot Corridor Is Necessary For Railroad Operations..................... 10

        5. The Morel Plaintiffs' Declaration Is Irrelevant to Determining What the Railroad Originally Acquired for its Actual Use................................... 11

    D. PLAINTIFFS FAILED TO REBUT KING COUNTY'S ARGUMENT THAT THEY LACK THE ARTICLE III STANDING NEEDED TO ASSERT THE CENTERLINE PRESUMPTION UNDER WASHINGTON LAW. ........................................................................................................... 13

III. CONCLUSION ..................................................................................................................15

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page i
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# TABLE OF AUTHORITIES

**Cases**

*City of Creede, CO—Petition for Declaratory Order*, No. 34376, 2005 WL 1024483 (STB, May 3, 2005).................................................................................................... 10

*Kaseburg v. Port of Seattle,* 2015 WL 4508790 (W.D. Wash. July 24, 2015) .............................. 2, 3

*N. Ctys. Inv. Trust v. Enyard*, 24 Wash. 366 (1901) .......................................................................... 10

*N. Pac. Ry. Co. v. Tacoma Junk Co.*, 138 Wash. 1 (1926).................................................................. 3

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page *ii*
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

## I. INTRODUCTION

Plaintiffs knowingly bought property next to a historic railroad corridor. By operation of the Trails Act, this Corridor is preserved for both railroad and trail uses through railbanking. Plaintiffs—well aware of this fact, too—have the right to compensation for any taking under the Tucker Act, which several of them are actively pursuing in the *Beres* cases. King County has no cause to dispute Plaintiffs' request for millions of dollars in compensation for a federal taking in the easement portions of the Corridor, but Plaintiffs go too far by simultaneously arguing for a declaration in the Western District that those *same* property rights have not been lost.

Plaintiffs' Opposition[1] fails to raise any argument, or any issue of material disputed fact, which would prevent the grant of summary judgment to King County. The Trails Act preserves all of the Railroad's interests in the Corridor, which were transferred to King County. Ninth Circuit precedent controls the determination that the Hilchkanum Deed granted a fee interest; that result is not changed by the *Kershaw* case. Through the operation of RCW 7.28.070, King County undisputedly acquired one hundred feet of width in the Corridor. And, because Plaintiffs are unable to satisfy the centerline presumption, they lack standing to pursue their claims. Because there is no merit in Plaintiffs' Opposition, King County's Motion for Summary Judgment should be granted in full.[2]

---

[1] Plaintiffs filed two separate briefs in response to King County's Motion, one styled as an opposition to summary judgment, and another styled as a cross motion for summary judgment. Dkt. Nos. 54-55. Together, these briefs total thirty-five pages, five more than the thirty-page limit set by the Court. Order, Dkt. No. 44 (Jan. 26, 2016). Although Plaintiffs' cross motion does discuss railbanking, that does not absolve Plaintiffs of their responsibility to include all rebuttal to King County's motion ***in the actual opposition***. These separate briefs are a thinly-veiled attempt to avoid the page limits of Local Rule 7(e)(3), which states that "[a]bsent leave of the court, parties must not file contemporaneous dispositive motions, each one directed toward a discrete issue or claim." *See Colorado Cas. Ins. Co. v. Starline Windows, Inc*., 2014 WL 1328491, at *1 (W.D. Wash. Apr. 1, 2014). King County plans to file a separate opposition to Plaintiffs' cross motion (which was incorrectly noted for hearing on March 4, rather than March 11) only to the extent necessary to preserve its rights, and only if the Court has not already disposed of Plaintiffs' railbanking arguments by the date the County's opposition is due on March 7, 2016.

[2] Plaintiffs failed to file their opposition in a timely manner. Pursuant to Local Rule 7(d)(3), Plaintiffs' opposition was due "not later than the Monday before the noting date." Because Monday, February 15, 2016

---

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 1
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

## II. ARGUMENT

### A. PLAINTIFFS HAVE NOT RESPONDED TO KING COUNTY'S ARGUMENT THAT THE RAILROAD'S PROPERTY INTERESTS WERE PRESERVED THROUGH RAILBANKING AND TRANSFERRED TO THE COUNTY.

In the Motion, King County showed that it acquired the exact same property interests as the Railroad in the easement portions of the Corridor: a "railroad easement" that entitles King County to the exclusive use and possession of the area on, above, and below the surface of the Corridor for railroad purposes, trail purposes and incidental uses permitted by Washington law. *See Kaseburg v. Port of Seattle,* No. C14-0784-JCC, 2015 WL 4508790, at *2 (W.D. Wash. July 24, 2015). Plaintiffs do not provide any substantive argument, or cite any authority, to the contrary. Instead, in their Opposition, they simply say King County is wrong.

Importantly, Plaintiffs do not dispute two key facts: First, King County acquired all of the Railroad's property interests in the railbanked Corridor through a series of quit claim deeds in 1998. Mot. at 5. Second, those deeds describe the Corridor as one hundred feet wide in the segments adjacent to Plaintiffs' properties, except where it was narrowed by prior property transactions. *Id*.

Although Plaintiffs' implicitly disagree with Judge Coughenour's holdings in *Kaseburg,* they provide no reason to depart from these holdings. The Trails Act and Washington law provide King County with exclusive control of the railbanked Corridor. Mot. at 5-9 (citing *Kaseburg*, 2015 WL 4508790). Plaintiffs cannot dispute the scope of this property right, although without support in statute or case law, they claim that it comes into play only in some unrealized future. The *Kaseburg* decision properly found no support for Plaintiffs' untenable argument that "[p]reserving . . . for future reactivation . . . mean[s] something akin to resurrecting in the case of / contingent upon potential future reactivation." *Kaseburg,* 2015 WL 4508790, at *4. "It is simply true as a matter of law that

---

was a court holiday, the deadline was therefore Friday, February 12, 2016. *See* Fed. R. Civ. P. 6(a)(5). Plaintiffs did not file their opposition until 8:09 pm on Tuesday, February 16, 2016. Plaintiffs' failure to file their opposition in a timely manner provides the Court with another reason to grant King County's Motion.

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 2
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

the Trails Act preempts state law and preserves railroad easements despite a discontinuance in railroad use, while permitting the addition of recreational trail use to the easement." *Id*. at *6.

*Kaseburg* also properly recognized that King County's railroad easements provide "exclusive use, possession, and control of the land, and the owner of the fee has no right to use, occupy, or interfere with the same in any manner whatever." 2015 WL 6449305, at *5 (citing *N. Pac. Ry. Co. v. Tacoma Junk Co*., 138 Wash. 1, 6 (1926) (citations omitted)). Despite Plaintiffs' assertions that King County's easements may only be used for a hiking and biking trail, "[t]he trail easements created by the Trails Act are just as exclusive as the coexisting railroad easements." *Id.*

Finally, *Kaseburg* also rejected Plaintiffs' argument that King County's easements are limited to a thin strip along the surface of the Corridor, as the "rights necessary to operate, construct, and maintain a railroad . . . includ[e] subsurface and aerial rights." *Id.* at *6. King County's easements also provide it with the right to conduct all incidental activities permitted by Washington law. 2015 WL 6449305, at *7-8. As recognized in *Kaseburg*, King County is entitled to summary judgment as a matter of law, holding that King County is entitled to exclusive use of the Corridor, including aerial and subsurface rights, and the right to all incidental uses permitted by Washington law.

**B.    PLAINTIFFS HAVE NOT DISTINGUISHED *RASMUSSEN* AND *RAY*, WHICH HOLD THAT KING COUNTY OWNS A FEE INTEREST IN THE CORRIDOR ADJACENT TO THE HORNISH PLAINTIFFS.**

Pursuant to *King County v. Rasmussen*, 299 F.3d 1077, 1080 (9th Cir. 2002), and *Ray v. King Cty.*, 120 Wash. App. 564, 580 (2004), which applied the seven factor test from *Brown v. State*, 130 Wash. 2d 430 (1996), King County acquired a fee estate in the portion of the Corridor adjacent to the Hornish Plaintiffs. Mot. at 9-10. In effort to avoid these binding precedents, Plaintiffs essentially argue that the subsequent Washington Supreme Court decision in *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 156 Wash. 2d 253, 263 (2006), fundamentally changed Washington law by rejecting *Brown.* But there is nothing particularly novel about *Kershaw,* which relies heavily on the *Brown* factors to reach its conclusions. *Id.* at 262-71. Because those same *Brown*

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 3
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

1   factors support the reasoning and conclusions in both *Rasmussen* and *Ray,* Plaintiffs fail to provide
2   any colorable reason to ignore these precedents.

3   First, Plaintiffs misinterpret *Kershaw*, which held that use of the phrase "right-of-way"
4   establishes the presumption of an easement only if the words are used "as a limitation or to specify
5   the purpose of the grant." 156 Wash. 2d at 264. Significantly, the Hilchkanum Deed does not use
6   the phrase "right of way" for either role. In fact, the Hilchkanum Deed does not contain *any* language
7   describing or limiting the purpose of the grant—evidence that it conveyed a fee interest, rather than
8   an easement.

9   Second, even if the granting language of the Hilchkanum Deed establishes a presumption of
10  an easement, the *Rasmussen* and *Ray* decisions still compel the conclusion that any presumption is
11  well-rebutted in favor of a fee. The presumption of an easement was not new to *Kershaw,* but tracked
12  many years back to *Morsbach v. Thurston Cty*., 152 Wash. 562, 562 (1929). The *Brown* factors,
13  which survive the *Kershaw* decision, establish when that presumption is rebutted to create a fee. The
14  extensive discussions of the *Brown* factors in *Rasmussen* and *Ray* remain good law, and this precedent
15  compels the conclusion that the Hilchkanum Deed created a fee estate for the portions of the Corridor
16  adjacent to the Hornish Plaintiffs' property.

17  Although the Court of Federal Claims did not follow *Rasmussen* and *Ray*, those cases remain
18  binding precedent on this Court. In *Beres*, the court declined to follow *Rasmussen* and *Ray*, primarily
19  because "without the guidance of the decision in *Kershaw* . . ., those courts did not fully consider the
20  importance of the phrase 'right of way' in the Hilchkanum deed." *Beres v. United States*, 97 Fed. Cl.
21  757, 800 (2011) (citations omitted). Despite that commentary, *Rasmussen* and *Ray* both considered
22  "the special significance that has been accorded the term 'right of way' in Washington deeds," but
23  these courts considered this insufficient to outweigh the outcome of the seven-factor analysis of
24  *Brown*. *Ray*, 120 Wash. App. at 574; *see also Rasmussen*, 299 F.3d at 1085. Contrary to the
25  suggestion in *Beres*, the "importance of the phrase 'right of way'" was not a new doctrine announced

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 4
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

in *Kershaw*: Washington courts have long "given special significance to the words 'right of way' in railroad deeds." *See Brown*, 130 Wash. 2d at 438 (citing *Roeder Co. v. Burlington N., Inc.*, 105 Wash. 2d 567, 569 (1986)). But that does not transform the Hilchkanum Deed into an easement or allow this Court to ignore binding precedent. The Court should reject Plaintiffs' attempt to avoid *Rasmussen* and *Ray*. As a matter of direct and binding precedent, the Hilchkanum Deed provides King County with a fee interest in the Corridor.

### C. THE CORRIDOR IS ONE HUNDRED FEET WIDE, EXCEPT WHERE NARROWED BY SPECIFIC PROPERTY TRANSACTIONS.

In the Motion, King County showed that historical records, the Railroad's operational needs, Plaintiffs' conduct, and RCW 7.28.070 all confirm the County controls a one hundred foot Corridor in the adverse possession areas. Plaintiffs have not presented any genuine dispute of those material facts.

#### 1. King County's Claims Regarding the Width of the Corridor Are Properly Before the Court.

As a threshold matter, King County's claims regarding the boundaries of the Corridor are properly before the Court. Plaintiffs argue that "King County's answer and counterclaim does not provide adequate notice of the relief sought on the width issue." Opp. at 10. To the contrary, King County's counterclaims are more than sufficient to satisfy Rule 8. King County's counterclaims explicitly state that "Plaintiffs . . . have interfered with King County's property rights in the ELSRC by erecting and maintaining various unauthorized improvements that impede King County's access to its property, its exclusive control, and prevent public enjoyment." Answer, Dkt. No. 32, at Counterclaim ¶ 3. As a result, King County asserted that "[u]nder RCW 7.28, title to any disputed portions of the corridor should be quieted in King County." *Id*. ¶ 4.[3]

---

[3] Plaintiffs argue that "RCW 7.28.070 is Washington's adverse possession statute and King County makes no mention of the statute in any of their pleadings." Opp. at 11. Counterclaim ¶ 4 directly rebuts this point.

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 5
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

Apart from King County's counterclaim, Plaintiffs' own claims raise the width of the Corridor as an issue in this case, asserting that King County "has no right to utilize any area of the corridor beyond the area used for railroad purposes." Compl. at ¶ 40, Dkt. No. 1 (Feb. 25, 2015); *see also id.* ¶¶ 42, 44, 46-48. And, Plaintiffs' claim that they "are the fee owners of the railroad right-of-way at issue" also implicates the actual dimensions of the corridor. Am. Compl. ¶ 39, Dkt. No. 31 (Aug. 14, 2015). The Court cannot declare anything regarding the "Corridor" without identifying its boundaries, *i.e.*, where the declaration begins and where it ends. Plaintiffs have also put the Corridor boundaries at issue by asking the Court to determine whether the boundaries of adjacent landowners extent to the center of the Corridor, or to some other point along its width. *See Sammamish Homeowners v. Cty. of King*, No. 2:15-cv-00284-MJP, 2015 WL 3561533, at *2 (W.D. Wash. June 5, 2015) ("Plaintiffs have stated explicitly that they are relying on the 'centerline presumption' doctrine to establish their fee title to the land in question."). The Court cannot quiet title to the Corridor without determining where its boundaries lie.

There is no merit to Plaintiffs' argument that "King County's request for summary judgment on the width issue . . . attempts to circumvent this Court's prior order remanding the issue to Washington State court." Opp. at 12. Although the Court did remand a separate case, *Neighbors v. King County*, No. C15-1358 MJP (Dec. 16, 2015), it has not remanded any *issue* in this case. Ownership of property within the Corridor is a question of Article III jurisdiction. The Court has both direct jurisdiction over Plaintiffs' claims and supplemental jurisdiction over King County's counterclaims under 28 U.S.C. § 1367(a). In any event, King County's counterclaims are properly before the Court. *Hunt Skansie Land, LLC v. City of Gig Harbor*, 2010 WL 2650502, at *3 (W.D. Wash. July 1, 2010).

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 6
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

The Court should resolve the width issue with regard to Plaintiffs in this case. There is no reason the Court should acquiesce in Plaintiffs' attempt to avoid a ruling from this Court. This issue is fully briefed, within this Court's jurisdiction, and ripe for a resolution.[4]

>   2. *The Width of the Corridor is Completely Resolved by Application of RCW 7.28.070 to the Undisputed Facts.*

Apart from their unpersuasive argument about jurisdiction, Plaintiffs make no attempt to address the application of RCW 7.28.070 on the merits. They have effectively conceded this issue. *Panagacos v. Towery*, 2014 WL 3579648, at *7 (W.D. Wash. July 21, 2014) ("By not responding to the summary judgment motion against them regarding this claim, Plaintiffs have conceded [it]."). Although the record establishes a number of alternative ways to reach the same one hundred foot conclusion, the Court can resolve this issue through a straightforward application of RCW 7.28.070. The following material facts are not disputed by Plaintiffs: *First*, King County acquired color of title to a one hundred foot Corridor, except where narrowed by specific property transactions, through a duly-recorded quit claim deed on September 18, 1998. Mot. at 23. *Second*, the County has paid all taxes and fees due on the Corridor since 1998. *Id*. at 24 (citing Declaration of Susan Sweany ¶ 3). *Third*, as a result of the recorded deed, supported by other factors, King County's claim to the Corridor has been open and notorious. *Id*.

Thus, under the plain language of RCW 7.28.070, King County is entitled to one hundred feet of width in the Corridor—the full extent of its paper title—pursuant to RCW 7.28.070. Due to application of the payment of taxes statute, Plaintiffs have no argument that the railroad easement is limited to areas of actual use. As the Washington Supreme Court has explained:

> There is a marked distinction between the extent of an easement acquired under a claim of right and the scope of one acquired under color of title. When one seeks to acquire an easement by prescription under a claim of right, user and possession govern the extent of the

---

[4] Furthermore, the Hornish Plaintiffs are parties to this suit, but not in *Neighbors*, so the state court would be unable to resolve King County's quiet title claims against those Plaintiffs.

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 7
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

> easement acquired. It is established only to the extent necessary to accomplish the purpose for which the easement is claimed.
>
> On the other hand, however, where one's occupancy or adverse user is under color of title that is a matter of public record, possession or user of a portion is regarded as coextensive with the entire tract described in the instrument under which possession is claimed.
>
> We conclude that plaintiff has established its right by prescription, under color of title, to an easement extending 50 feet on each side of the center line of its canal.

*Yakima Valley Canal Co. v. Walker*, 76 Wash.2d 90, 94 (1969) (citations omitted). Because RCW 7.28.070 conclusively establishes King County's title to a one hundred foot Corridor, any facts that Plaintiffs have attempted to raise through the Morel Declaration are immaterial. Summary judgment should issue for King County.

        *3.*       *Plaintiffs Do Not Rebut The Historical Evidence Showing The Railroad Originally Acquired One Hundred Foot Of Width In The Corridor.*

Plaintiffs have presented nothing to rebut the historical evidence showing the Railroad originally acquired one hundred feet of width in the adverse possession areas of the Corridor. Plaintiffs argue that these areas were acquired through prescription rather than adverse possession, but this distinction makes no difference to the area that was acquired. Opp. at 7.

*First*, Plaintiffs do not dispute—or even mention—the historical tax records from the King County Assessor, the oldest available evidence of the width originally acquired by the Railroad. Mot. at 14-16.

*Second*, Plaintiffs misconstrue Mr. Middleton's probate judgment, arguing that "the word 'railroad' appears nowhere in the document." Opp. at 15.[5] Although the judgment used other words, it specifically stated that Samuel T. Middleton inherited "Lot three, (*less three and 19/100 acres **right of way***) of section seventeen, township twenty-four north, of range six east of the Willamette

---

[5] Plaintiffs also dispute the Middleton Probate records by arguing that "King County's declaration by Mr. Hackett is self-serving and inaccurate." Opp. at 15. David Hackett's declaration says nothing other than that the attached documents are true and correct. Plaintiffs do not dispute the authenticity of any exhibit, and their objection should be discarded out of hand.

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 8
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

1  Meridian." Hackett Decl. Ex. C at 8 (emphasis added).  Likewise, Allen Middleton inherited "the
2  northeast quarter of the northeast quarter and lot two, (*less two and 35/100 acres **right of way***) of
3  section seven, township twenty-four north, of range six east of the Willamette Meridian." *Id*. at 4
4  (emphasis added).[6]  Every Plaintiff in the adverse possession areas acquired their property from those
5  two lots, and the judgment specifically excepted the Corridor from the conveyance to their successors.
6  This is undisputed.

7    *Third*, Plaintiffs do not deny that the 1917 Valuation Map and other historical records reflect
8  over a century of recognition that the Corridor is one hundred feet wide.  Plaintiffs rely solely on *Illig*
9  *v. United States*, 58 Fed. Cl. 619, 626 (2003), which held that "extrinsic evidence" cannot be used to
10  determine the content of a deed without any proof it ever existed.  Plaintiffs do not mention any of
11  King County's other authorities, such as *Dugle v. Norfolk S. Ry. Co*., 2010 WL 2710489, at *6 (E.D.
12  Ky. July 7, 2010), which specifically "note[d] that valuation maps have been accepted by courts as
13  evidence of boundary lines and rights of way."  Plaintiffs essentially argue the 1917 Valuation Map
14  is irrelevant, because the Corridor "extends only to the uses necessary to accomplish the purpose for
15  which the easement was claimed."  Opp. at 9.  But Plaintiffs do not offer the 1917 Valuation Map
16  and other historical records as extrinsic evidence of a missing deed.  Rather, these historical records
17  are the best available evidence regarding the width that was originally needed for the Railroad's
18  operations over a century ago.  Plaintiffs failed to put forth any historical evidence of their own, and
19  there are no disputes about these material facts.

---

[6] The "60-foot foot right of way" mentioned in Plaintiffs' Opposition is a separate roadway not at issue in this dispute.  Opp. at 15.

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 9
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

### 4. Plaintiffs Do Not Rebut King County's Evidence That A One Hundred Foot Corridor Is Necessary For Railroad Operations.

All parties agree that the Railroad originally acquired the width of the Corridor that was necessary for its operations. Mot. at 20; Opp. at 7-9. However, only King County has presented admissible evidence regarding the area that is actually necessary to operate the Railroad.

Plaintiffs provide no support for their argument that "the actual prior use dictates the actual width of the former railroad corridor, which varies but is no greater than 18 feet anywhere along the line in the prescriptive easement areas." Opp. at 14. The cases cited in King County's Motion repeatedly recognized that the width of a railroad corridor is not limited to the tracks and ballast. Mot. at 20-21 (citing *Dennis v. N. Pac. Ry. Co.*, 20 Wash. 320, 334 (1898); *N. Ctys. Inv. Trust v. Enyard*, 24 Wash. 366, 370-71 (1901); *City of Creede, CO—Petition for Declaratory Order*, No. 34376, 2005 WL 1024483, at *6 (STB, May 3, 2005); *Midland Valley R.R. v. Jarvis*, 29 F.2d 539, 541 (8th Cir. 1928); *Brown v. Alabama Great South. R.R. Co.*, 544 So. 2d 926, 928 (Ala. 1989)). Plaintiffs did not even attempt to rebut the vast weight of this authority.

Nor did Plaintiffs respond to declarations from Mike Nuorala or Stephen Sullivan, who explained that the Corridor requires a one hundred foot width for a safety buffer, drainage, slope preservation, and maintenance activities. Mot. at 22. Although Plaintiffs point to easements granted to other homeowners along the Corridor, Opp. at 15 n. 4, those were the result of settlements with other parties, about other properties, in other litigation. Neither the facts nor the claims of that litigation are before the Court.[7] Because Plaintiffs put forth no material evidence regarding the actual width required for railroad operations, the Court should grant summary judgment to King County.

---

[7] Case law subsequent to these settlements has cast doubt on the ability of a trail owner to alienate significant portions of a federally railbanked corridor. *Palmetto Conservation Found. v. Smith*, 642 F. Supp. 2d 518, 527 (D.S.C. 2009).

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 10
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

### 5. The Morel Plaintiffs' Declaration Is Irrelevant to Determining What the Railroad Originally Acquired for its Actual Use.

The Morel Plaintiffs' Declaration does not create a dispute of any material facts regarding the Railroad's operations in the Corridor. According to Plaintiffs' own authorities, "[w]here an easement is acquired by prescription, the extent of the right is fixed and determined by the user in which it originated, or, as it is sometimes expressed, by the claim of the party using the easement and the acquiescence of the owner of the servient tenement." Opp. at 7-8 (citing *Northwest Cities Gas Co. v. Western Fuel Co.*, 135 P.2d 867, 868-69 (1943)). Thus, it is **the Railroad's** actions in the 1890s that are relevant to the width of the Corridor; the Morel family's encroachments cannot alter what the Railroad acquired nearly fifty years before.[8] The Morel Plaintiffs are not qualified to comment on railroad operations, let alone safety, maintenance, and drainage. As a result, their Declaration is insufficient to generate any genuine dispute of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.").[9]

Furthermore, the location of the Morel Plaintiffs' previous house is immaterial to this dispute. As King County explained in the Motion, the Railroad sold two twenty-five foot strips of land from the outside of the Corridor to the parents of Eugene Morel on May 23, 1996. Mot. at 16. The Corridor

---

[8] Plaintiffs have failed to present any evidence in the record regarding anyone other than the Morel Plaintiffs. Thus, the Court should grant summary judgment against all other Plaintiffs as a matter of course, because there is no material dispute of fact regarding the width of the Corridor near their properties. Plaintiff's claim that they would have obtained more declarations given more time is of no moment, especially when they did not make any such claim in their motion to extend time.

[9] The Morel Declaration is rife with hearsay and matters outside the Morel Plaintiffs' personal knowledge, which makes it "inadmissible at summary judgment." *Montgomery v. Kitsap Cty.*, 297 F. App'x 613, 614 (9th Cir. 2008). For example, the Morel Plaintiffs' family did not purchase their property until 1944, Morel Decl. at 2, Dkt. No. 54-2, and they did not acquire it from Eugene Morel's mother until May 27, 1998. Quit Claim Deed, Dkt. No. 31-10 (Aug. 14, 2015). Thus, their assertion that the "original house was built in the 1920s and expanded in the 1930" is simple hearsay. Morel Decl. at 2. There is also no basis for their speculation that "the assessor in his physical on site visits sees my improvements of driveways, walkways, landscaping etc. and considers these improvements to be on land owned by the Morels and establishes a lot value based on what he sees and how it compares to similar lake front lots." *Id*. at 10.

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 11
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

1  was left fifty feet wide in that location, and King County makes no claim to the property outside this
2  width. *Id*. As shown in Attachment A to the Morel Declaration, their current home lies outside the
3  fifty foot Corridor today. Morel Decl. at 3. Furthermore, this Attachment only shows the location of
4  the "Existing House"—not the demolished home. *Id*. After they purchased a portion of the Corridor,
5  the Morel Plaintiffs, like numerous others, applied for a license granting them permission to use what
6  they did not own. Mot. at 16-18. This confirms they have no claim to what they did not buy.[10] At
7  most, the Morel Declaration suggests they built encroachments within the Corridor before it was
8  acquired by King County.[11] Yet this says nothing about the width that was necessary for the
9  Railroad's operations. Picnicking and parking are not evidence that the Railroad needed less than
10 one hundred feet of the Corridor. *Cf*. Hackett Decl. Ex. J, Declaration of Mike Nuorala, ¶ 11 ("Many
11 activities of adjacent property owners on this right of way, while unpermitted, do not interfere with
12 the operations of the line. Examples include cutting grass, clearing brush, or in some cases, keeping
13 vehicles or small structures at a safe distance from the tracks."); Hackett Decl. Ex. D, Declaration of
14 Stephen M. Sullivan (describing width of corridor necessary for railroad operations).[12] The Morel
15 Plaintiffs' Declaration does not raise any dispute of any material fact, so summary judgment should
16 be granted to King County.

---

[10] The isolated tax records attached to the Morel Declaration are irrelevant to this dispute. The Morels do not dispute that King County properly paid all fees and taxes due since acquiring the Corridor in 1998, or that the square footage of their own tax assessments is "based on [the] 1996 Quit Claim solid line shown in Exhibit A." Morel Decl., Dkt. No. 54-2 at 10. In any event, the legal description in the tax records attached to their Declaration is correctly described as "Less NP R/W," which is consistent with the King County Assessor's treatment of the Corridor from the 1890s through today. Mot. at 14-15, 20.

[11] Furthermore, Mr. Morel's construction of new encroachments after King County acquired the Corridor in 1998 cannot limit the County's property rights. "It is fundamental in this jurisdiction that title by adverse possession cannot be acquired against the state." *Commercial Waterway Dist. No. 1 of King Cty. v. Permanente Cement Co*., 61 Wash. 2d 509, 512 (1963).

[12] Plaintiffs' spurious argument about a boulder within the Corridor hardly requires a response. A single boulder would not interfere with railroad operations. It is precisely because of rocks, slopes, and other obstacles that the Railroad requires one hundred feet of access to the Corridor.

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 12
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

### D. PLAINTIFFS FAILED TO REBUT KING COUNTY'S ARGUMENT THAT THEY LACK THE ARTICLE III STANDING NEEDED TO ASSERT THE CENTERLINE PRESUMPTION UNDER WASHINGTON LAW.

Finally, as King County showed in the Motion, it is also entitled to summary judgment because Plaintiffs lack the Article III standing required to assert the centerline presumption under Washington law. As the Court recognized while granting King County's motion to dismiss, "[w]hen . . . a deed refers to the right of way as a boundary but also gives a metes and bounds description of the abutting property, the presumption of abutting landowners taking to the center of the right of way is rebutted." *Sammamish Homeowners*, 2015 WL 3561533, at *2. The Court has already held that the Hornish, Neighbors, Menezes and Venderwende, and Moore Plaintiffs' deeds expressly exclude the Corridor. *Id*. Plaintiffs provide no reason to reconsider that analysis.[13]

Plaintiffs cite an unpublished decision applying California's version of the centerline presumption, *In re SFPP Right-of-Way Claims*, No. 8:15-cv-00718-JVS-DVM, slip op. (C.D. Cal. Jan. 21, 2016), to argue that this Court should alter its own interpretation of Washington law. Opp. at 15-16. But *SFPP Right-of-Way* was a decision about the pleading standard for a motion to dismiss, not a motion for summary judgment. Dkt. No. 54-3 at 5. The Court declined to follow *Roeder* and this Court's own decision, because it was applying California law. *Id*. at 5-6. That cannot save Plaintiffs here.

Plaintiffs misconstrue Washington law to suggest there is "longstanding precedent holding the words 'exception' do not reserve the fee in the grantor." Opp. at 22. However, this is contrary to the law of the case established in this Court's own opinion, and contrary to precedent from the Washington Supreme Court. For example, in *Duus v. Town of Ephrata*, 14 Wash. 2d 426, 430, 128 P.2d 510, 511 (1942), the court explained that unlike a reservation, which "is a creation in behalf of

---

[13] Plaintiffs also repeat the argument, which has already been rejected by this Court, that "Washington has also adopted the strip and gore doctrine." Opp. at 16. This statement is incorrect, which has not changed since the Court granted King County's motion to dismiss. *Sammamish Homeowners,* 2015 WL 3561533, at *3 ("Plaintiffs do not cite a single Washington case which has adopted the doctrine.").

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 13
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

the grantor of a new right issuing out of the thing granted . . ., an exception operates to withdraw some part of the thing granted which otherwise would pass to the grantee under the general description." The Court should reject Plaintiffs' attempt to revisit settled law.

The opinions of Plaintiffs' expert, John Ralls, are also insufficient to create any genuine dispute of material fact. As an initial matter, the Court should disregard Mr. Rall's declaration entirely, because the interpretation of a deed, like any other contract, is not a proper subject for expert testimony. *PMI Mortgage Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 291 F. App'x 40, 41 (9th Cir. 2008) ("[E]xpert testimony [regarding] the interpretation of . . . a contract [is] an ultimate question of law upon which the opinion of an expert may not be given."). Furthermore, the Rall Declaration is stale: Mr. Rall executed his declaration on August 14, 2015. Rall Decl. at 3, Dkt. No. 54-4 (Aug. 14, 2015). Plaintiffs did not ask Mr. Rall to review any of the evidence King County submitted in support of its Motion. Thus, he did not review the historical records from the King County Assessor, Pierce County Superior Court, or the ICC, which show that the Railroad acquired a one hundred foot Corridor from Mr. Middleton, who could not convey any interest in the Corridor to his heirs. Mot. at 11-16.

According to Plaintiffs, Mr. Rall "will express the opinion that Plaintiffs own the fee in the right-of-way under Washington law because no grantor in the chain of title expressly reserved unto themselves the former railroad right-of-way, such that under Washington law, each grantor's intent controls and each grantor is presumed to convey all that they own unless expressly stating otherwise." Opp. at 22. If that is the case, Mr. Rall's personal opinions are contrary to Washington law, which holds that "[a] metes and bounds description in a deed to property that abuts a right of way is evidence of the grantor's intent to withhold any interest in the abutting right of way, and such a description rebuts the presumption that the grantee takes title to the center of the right of way." *Sammamish Homeowners*, 2015 WL 3561533, at *2 (citing *Roeder*, 105 Wash. 2d at 577). Thus, Mr. Rall's "legal conclusions not only invade[] the province of the trial judge, but constitute[] erroneous statements of

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 14
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820  Fax (206) 296-8819

law. In such a case, expert testimony would [be] not only superfluous but mischievous." *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1059 (9th Cir. 2008) (citations omitted).[14] In any event, Plaintiffs cannot defeat summary judgment by speculating about what their expert might testify at trial, as this Court must consider the record before it today.

### III. CONCLUSION

For all the reasons explained in King County's motion, the Court should grant summary judgment holding that (1) King County has the right to exclusive use of the Corridor for construction of its recreational trail, including control of the subsurface and aerial estates and the right to all incidental uses permitted by Washington Law; (2) King County owns the portion of the Corridor adjacent to the Hornish Plaintiffs in fee; (3) the Corridor is one hundred feet wide in the adverse possession areas; and (4) Plaintiffs lack standing to assert the centerline presumption. The Court should quiet title to the Corridor in King County, and dismiss all of Plaintiffs' claims, with prejudice.

DATED this 19th day of February, 2016.

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ David J. Hackett*
DAVID HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney

By: *s/ H. Kevin Wright*
H. KEVIN WRIGHT, WSBA #19121
Senior Deputy Prosecuting Attorney

By: *s/ Peter G. Ramels*
PETER G. RAMELS, WSBA #21120
Senior Deputy Prosecuting Attorney

---

[14] According to Plaintiffs, their expert believes "that the word 'reserve' a right-of-way does not amount to a reservation unto the grantor intending to expressly reserve the right-of-way unto themselves." Opp. at 22. Even if Mr. Rall's testimony was proper, the Court should reject his nonsensical opinion that "reserve . . . does not amount to a reservation" because the relevant Plaintiffs' deeds use the word "exception," rather than "reserve." *Id*.

KING COUNTY'S MOTION FOR SUMMARY
JUDGMENT – Page 15
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819

| | |
|---|---|
| 1 | By: *s/ Barbara Flemming* |
| 2 | BARBARA A. FLEMMING, WSBA #20485<br>Senior Deputy Prosecuting Attorney |
| 3 | King County Prosecuting Attorney's Office |
| 4 | 500 Fourth Ave., 9th Floor<br>Seattle, WA 98104 |
| 5 | Telephone: (206) 296-8820 / Fax: (206) 296-8819<br>Email: david.hackett@kingcounty.gov |
| 6 | kevin.wright@kingcounty.gov<br>pete.ramels@kingcounty.gov |
| 7 | barbara.flemming@kingcounty.gov |

1  
2  

By: *s/ Barbara Flemming*  
BARBARA A. FLEMMING, WSBA #20485  
Senior Deputy Prosecuting Attorney  

3  
4  
5  
6  
7  

King County Prosecuting Attorney's Office  
500 Fourth Ave., 9th Floor  
Seattle, WA 98104  
Telephone: (206) 296-8820 / Fax: (206) 296-8819  
Email: david.hackett@kingcounty.gov  
 kevin.wright@kingcounty.gov  
 pete.ramels@kingcounty.gov  
 barbara.flemming@kingcounty.gov  

8  
9  
10  
11  
12  
13  
14  

By: *s/ Emily J. Harris*  
EMILY J. HARRIS, WSBA #35763  
DAVID I. FREEBURG, WSBA #48935  
Special Deputy Prosecuting Attorneys  
Corr Cronin Michelson  
Baumgardner Fogg & Moore LLP  
1001 Fourth Avenue, Suite 3900  
Seattle, WA 98154  
Telephone: (206) 625-8600 / Fax: (206) 625-0900  
Email: eharris@corrcronin.com  
 dfreeburg@corrcronin.com  

15  

*Attorneys for Defendant King County*

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 16  
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney  
CIVIL DIVISION, Litigation Section  
900 King County Administration Building  
500 Fourth Avenue  
Seattle, Washington 98104  
(206) (296-8820 Fax (206) 296-8819

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

DATED this 19th day of February, 2016.

                       *s/ Leslie Nims*
                       Leslie Nims

KING COUNTY'S MOTION FOR SUMMARY JUDGMENT – Page 17
No. 2:15-cv-00284

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) (296-8820 Fax (206) 296-8819