IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS E. HORNISH AND SUZANNE J. HORNISH JOINT LIVING TRUST, TRACY AND BARBARA NEIGHBORS, ARUL MENEZES AND LUCRETIA VANDERWENDE, LAKE SAMMAMISH 4257 LLC, HERBERT MOORE AND ELYNNE MOORE, AND EUGENE MOREL AND ELIZABETH MOREL,<br><br>Plaintiffs,<br><br>vs.<br><br>KING COUNTY, a home rule charter county,<br><br>Defendants. | Case No.: 2:15-cv-00284-MJP<br><br>**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:** March 11, 2016 |

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page i - Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

# TABLE OF CONTENTS

I. INTRODUCTION ..............................................................................................1

II. CONTRARY TO KING COUNTY'S ASSERTION THAT RAILBANKING PRESERVES THE RAILROAD'S EASEMENT FOR CURRENT USES, THE TRAILS ACT CONVERTS RAILROAD PURPOSES EASEMENTS TO TRAIL/RAILBANKED EASEMENTS ................................................................2

    A. The Trails Act Authorizes Recreational Trails and Railbanks the Former Railroad Corridor ..................................................................................2

    B. Railbanking Does Not Preserve the Railroad Purposes Easement Under the Trails Act for Current Railroad Purposes Because Railbanking is Not a Railroad Purpose ..................................................................................5

III. EVEN IF A RAILROAD PURPOSES EASEMENT CURRENTLY EXISTS, WHICH IT DOES NOT, KING COUNTY CANNOT USE THE CORRIDOR IN ANY FASHION THEY WISH..................................................................................8

IV. THE RULING IN *KASEBURG* WAS WRONGLY DECIDED ............................11

V. CONCLUSION ................................................................................................12

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page ii - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

# TABLE OF AUTHORITIES

*Capreal v. United States,* 99 Fed. Cl. 133 (Fed. Cl. 2011) .......................................................5

*Kaseburg v. Port of Seattle*, No C14-0784-JCC (W.D. Wa.) ..................................... 1, 11-12

*Kershaw Sunnyside Ranches Inc. v. Yakima Interurban Lines Ass'n*, 91 P.3d 104,
    (Wash. 2004) ................................................................................................................ 8-10

*Lawson v. State of Washington*, 730 P.2d 1308 (Wash. 1986) .........................................7, 12

*Longnecker v. United States*, 105 Fed. Cl. 393 (Fed. Cl. 2012)..............................................5

*Neitzel v. Spokand Int'l Ry Co.*, 141 P.186 (Wa. 1914) ................................................. 8-9, 11

*Nordhus Family Trust v. United States*, 98 Fed. Cl. 331 (Fed. Cl. 2011)................................6

*Pollnow v. Department of Natural Resources,* 276 N.W.2d 738 (1979) .................................7

*Preseault v. United States*, 100 F.3d 1525 (Fed. Cir. 1996) ("*Preseault II*") .......................5, 7

*Rogers v. United States*, 90 Fed. Cl. 418 (Fed. Cl. 2009) .......................................................6

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY
JUDGMENT
Page iii - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

## I. INTRODUCTION

King County is intent on ignoring both the purpose and the plain language of the Trails Act. Although King County acknowledges that the purpose of the Trails Act "is to preserve established rights-of-way," King County wants to ignore the precise language of the Trails Act that preserves rights-of-way for <u>future reactivation of rail service</u> only.

King County miraculously argues that Plaintiffs' interpretation of the Trails Act would have "the opposite effect of eliminating any existing railroad easements in the corridor and replacing them with an undefined, uncertain, and inchoate federal easement."[1] King County's argument is not only contrary to the specific language of the Trails Act, but it is also directly contrary to an avalanche of federal jurisprudence, and authority from the Supreme Court of Washington, that the railroad purposes easement is extinguished due to the change in use but for the Trails Act and, under the Trails Act, the railroad purposes easement is replaced on an interim basis so that the right-of-way can be used as a hiking and biking trail only. The resulting easement under the Trails Act is not "an undefined, uncertain, and inchoate federal easement" at all but is, instead, a well-defined and well-settled easement for a hiking and biking trail.

King County's only real argument is that Judge Coughenour "properly rejected" these same arguments in *Kaseburg v. Port of Seattle*, No C14-0784-JCC (W.D. Wash.). Although Plaintiffs acknowledge that Judge Coughenour reached a different conclusion in *Kaseburg*, the fact is that Judge Coughenour's rulings are contrary to every decision rendered by every

---

[1] *See* Def.'s Br., Doc. 61, at p.1.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 1 - Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

judge confronted with the issue in the Court of Federal Claims and the Federal Circuit on numerous occasions.[2]

## II. CONTRARY TO KING COUNTY'S ASSERTION THAT RAILBANKING PRESERVES THE RAILROAD'S EASEMENT FOR CURRENT USES, THE TRAILS ACT CONVERTS RAILROAD PURPOSES EASEMENTS TO TRAIL/RAILBANKED EASEMENTS

### A. The Trails Act Authorizes Recreational Trails and Railbanks the Former Railroad Corridor

What is the Trails Act and what was its purpose? The purpose of the Trails Act was to first and foremost encourage and promote recreational trails by allowing the preservation of railroad rights-of-ways for <u>future</u> use and allow federal jurisdiction to remain over those former rights-of way by preventing the land from reverting to the adjacent landowners. The entire purpose of the Act was to encourage and establish hiking and biking trails by utilizing would-be abandoned rights-of-way, that were actually abandoned by the railroad under the Trails Act, and then had abandonment blocked by the Trails Act in order to utilize the right-of-way for hiking and biking trails.

Specifically, the Act authorized three types of trails: the National Scenic Trails, National Recreation Trails, and connecting-and-side trails. *Id*. The Act is quite comprehensive and a complete reading of the Act provides the evidence that the Act and its sole purpose was to narrowly authorize and promote recreational trails. The Act is specific and provides for trails and nothing more. This was the sole purpose of Congress—to prevent the loss of this

---

[2] The Court of Federal Claims ("CFC") hears Trails Act takings cases because of the Tucker Act and the Federal Circuit hears appeals from the CFC pertaining to the Trails Act.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 2 - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

national treasure by preserving rights-of-way for potential future use and promoting trails—period.

However, because issues existed relating to the reversion of rights-of-way to the adjoining landowners prior to consummating the establishment of trails, and in order to prevent reversion and allow trail users time to negotiate with railroads, Congress enacted section 1247(d). 16 U.S.C. 1247(d). In 1983, concerned by the rapid contraction of America's rail network, Congress amended the National Trails System Act to create the railbanking program. Railbanking is a method by which lines proposed for abandonment can be preserved through interim conversion to trail use:

> The Secretary of Transportation, the Chairman of the Interstate Commerce Commission, and the Secretary of the Interior, in administering the Railroad Revitalization and Regulatory Reform Act of 1976, shall encourage State and local agencies and private interests to establish appropriate trails using the provisions of such programs. Consistent with the purposes of that Act, and in furtherance of the national policy to preserve established railroad rights-of-way for future reactivation of rail service, to protect rail transportation corridors, and to encourage energy efficient transportation use, in the case of interim use of any established railroad rights-of-way pursuant to donation, transfer, lease, sale, or otherwise **in a manner consistent with the National Trails System Act**, if such interim use is subject to restoration or reconstruction for railroad purposes, such interim use shall not be treated, for purposes of any law or rule of law, as an abandonment of the use of such rights-of-way for railroad purposes. If a State, political subdivision, or qualified private organization is prepared to assume full responsibility for management of such rights-of-way and for any legal liability arising out of such transfer or use, and for the payment of any and all taxes that may be levied or assessed against such rights-of-way, then the Commission shall impose such terms and conditions as a requirement of any transfer or conveyance **for interim use in a manner consistent with this Act**, and shall not permit abandonment or discontinuance inconsistent or disruptive of such use.

*Id*.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 3 - Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

Even though the Act only specifies recreational trails, the Defendants attempt to interject other uses for railbanked rights-of-way which violate all rules of statutory construction. As provided by the Rehnquist Court's Canons of Statutory Construction, the plain meaning of the ordinary statutory text should be followed—here, allowing would-be abandoned railroad rights-of-way to be used as recreational trails while railbanking the corridor. Moreover, the canon of Expressio unius provides that the expression of one thing suggests the exclusion of others—here, use as a recreational trail excludes uses other than trail use. *See* http://www.ncsl.org/documents/lsss/2013PDS/Rehnquist_Court_Canons_citations.pdf (last visited 9/29/2015).

Congress did not intend to allow third parties or governmental entities to abuse the Trails Act in order to utilize the rights-of-way for other purposes other than reactivation or trail use. If Congress intended any other type of use, it would have expressly stated so. It did not. Congress was very specific in the language of the Trails Act and authorized trails upon would-be abandoned railroad rights-of-ways and nothing more.

A railbanked easement, as a matter of law, is a preservation of the railroad purposes easement for potential future reactivation, not the current right to use a railroad purposes easement. In fact, in order for any entity, Defendant or not, to invoke the use of the railbanked corridor, it must comply with the reactivation requirements of the STB. As stated by the STB, whoever holds the reactivation rights could request that the NITUs be vacated to permit reactivation for continued rail service in the future. It is clear under the Trails Act, as well as the STB's own decisions, that the corridor is either a railroad running trains or a recreational trail—one or the other—period.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 4 - Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

**B. Railbanking Does Not Preserve the Railroad Purposes Easement Under the Trails Act for Current Railroad Purposes Because Railbanking is Not a Railroad Purpose**

King County argues that the Trails Act preserves the railroad easement and merely adds the recreational trail to it. That is legally incorrect. Railbanking maintains federal jurisdiction over the line and <u>preserves a potential future railroad purposes easement upon reactivation</u>. King County argues that because BNSF previously held a railroad purposes easement, and because the right-of-way is now railbanked, they can use the right-of-way in any manner that is incidental to railroad activities. King County cannot, however, because railbanking preserves the right-of-way for possible reactivation in the future and railbanking is not a current railroad purpose. In the railbanking process, the federal government maintains jurisdiction over the right-of-way and a railroad must petition the STB for reactivation of the railroad. Under the Trails Act, the trail user cannot use the recreational trail easement for railroad purposes or any other purposes other than as a recreational hiking and biking trail.[3]

Courts have always declined to find that railbanking is a current railroad purpose. *See, e.g.*, *Preseault II*, 100 F.3d at 1554 (Rader, J., concurring) (rejecting the railbanking argument as a "vague notion," incapable of overriding the present use of the property as a recreational trail); *Longnecker v. United States*, 105 Fed.Cl. 393 (Fed. Cl. 2012) (involving Washington state property laws); *Capreal, Inc. v. United States*, 99 Fed. Cl. 133, 146 (Fed. Cl. 2011)

---

[3] Although King County holds the "residual common carrier rights and obligations," King County cannot reactivate rail service alone because King County is not a "railroad" or "rail carrier" and does not comply with the requirements of a railroad subject to the jurisdiction of the STB—and the STB has jurisdiction over any reactivation of the railbanked corridor. *See* 49 U.S.C. § 10102 (defining "rail carrier" as "a person providing common carrier railroad transportation for compensation, but does not include street, suburban, or interurban electric railways not operated as part of the general system of rail transportation."); *see also*, 45 U.S,C. § 151 (defining rail carrier).

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 5 - Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

(interpreting Massachusetts law in which the court stated, "that railbanking is too hypothetical and unlikely to serve as a railroad purpose"); *Nordhus Family Trust v. United States*, 98 Fed. Cl. 331, 339 (Fed. Cl. 2011) (interpreting Kansas law, the court stated, "[i]n the present case, there is no evidence of any plan to reactivate rail service and railbanking is simply a speculative assertion by Defendant that some resumed rail service could occur in the future. The transfer of the easement to entities completely unconnected with rail service, and the removal of all rail tracks on the corridor, lead the Court to conclude that any future rail use simply is unrealistic"); *Rogers v. United States*, 90 Fed. Cl. 418, 432 (Fed. Cl. 2009) (interpreting Florida law and indicating, "[h]ere, as in *Preseault II*, the use of the right-of-way as a public trail while preserving the right-of-way for future railroad activity was not something contemplated by the original parties to the Honore conveyance back in 1910"). As a result of overwhelming authority from numerous judges and Courts who have interpreted the Trails Act, the potential future reactivation of the railroad under the railbanking provision of the Trails Act is not a current railroad purpose.

As a threshold matter, it is imperative to note that if railbanking under the Trails Act was a current railroad purpose that allowed current incidental uses there would not be any Trails Act takings cases because the reversionary interest, which is the right to have land back unencumbered by a railroad purposes easement, would **never vest** because the railroad purposes easement did not extinguish or expire upon issuance of a NITU under the Trails Act. The railroad purposes easement is instead converted to a new "railbanked" easement/trail easement that replaces the former railroad purposes easement. That result is required because railbanking is not a railroad purpose.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 6 - Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

King County simply does not have any current rights in a railroad purposes easement under the Trails Act, but rather, the right for a recreational trail period. Rather, King County acquired a recreational trail/railbanked easement pursuant to their acquisition of the right-of-way under the Trails Act. The Washington Supreme Court decision in *Lawson v. State of Washington*, 730 P.2d 1308 (Wash. 1986), which was completely analyzed and basically adopted by the Federal Circuit in *Preseault v. United States*, 100 F.3d 1525, 1543, 1550 (Fed. Cir. 1996), totally eviscerates King County's argument that they are entitled to use the right-of-way for their incidental purposes. In *Lawson*, the Court held that:

> Plaintiffs have alleged that the grantors conveyed easements for railroad purposes only… Although specifically interpreting the deed involved in that case, our decision in *Zobrist* provides guidance here; clearly, a hiking and biking trail is not encompassed within a grant of an easement for railroad purposes only. In the words of the Wisconsin State Supreme Court, '[t]o hold that the conversion from a public transportation system to a recreational system still reflected the purpose of the original easement would, in our view, stretch the principle of *Faus* beyond reasonable limits.' *Pollnow v. Department of Natural Resources,* 88 Wis. 2d 350, 366-67, 276 N.W.2d 738 (1979) (construing common law). <u>Pollnow and other decisions from other jurisdictions support our conclusion that a change in use of a railroad right of way to a recreation trail or nature trail is a change of use evidencing abandonment of the right of way</u>.

*Lawson,* 730 P.2d at 1312-13 (emphasis added).

First, King County, as the "trail user" under the Trails Act (the manner they acquired their interest formerly held by BNSF), is authorized to use the land as a trail and trail use is a change in use under *Lawson*. Second, because trail use causes termination of a railroad purposes easement under state law pursuant to *Lawson*,[4] then the **only way** the railroad

---

[4] It is Plaintiffs' position that change to a trail use also causes termination of the current railroad purposes easement under federal law and that railbanking is a new easement for the preservation of the potential and future reactivation of a railroad.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 7 - Case No.: 2:15-cv-00284-MJP

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

purposes easement currently exists is **if railbanking is a railroad purpose**. The United States Supreme Court and every other court to examine the issue has rejected that argument. The easement that exists under the Trails Act is NOT a current railroad purposes easement currently available or used for railroad purposes, but rather has been preserved for future *potential* use. Every court addressing the issue has ruled that railbanking is NOT a railroad purpose. A current active railroad purposes easement must currently be used (by a railroad) in order to allow uses that are incidental, which actually means uses that benefit and serve the railroad.

### III. EVEN IF A RAILROAD PURPOSES EASEMENT CURRENTLY EXISTS, WHICH IT DOES NOT, KING COUNTY CANNOT USE THE CORRIDOR IN ANY FASHION THEY WISH

King County also asserts that not only is the railroad easement currently burdening the land, but that it is not limited to the construction and operation of a railroad, but rather, the easement also includes "incidental activities." As noted in King County's motion for summary judgment, incidental uses are not just those activities that are "not inconsistent and do not interfere with the operation of the railroad," but also must "further the railroad's business as a transportation company." *See Neitzel v. Spokand Int'l Ry Co.*, 141 P.186, 188 (Wa. 1914). Even if the railroad purposes easement were to currently exist, the incidental use doctrine does not apply to King County because King County is not a railroad and any other potential uses besides recreational trail use are not incidental to a railroad purpose and do not further the railroad's business. As a result, King County has no right to use the former railroad corridor for any use other than a recreational trail.

King County cites to *Neitzel* and *Kershaw* to support its allegation of incidental uses. King County cites to *Neitzel* as support for its apparent lack of abandonment argument to assert

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 8 - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

the current existence of the current railroad purposes easement argument. However, *Neitzel* provides no support whatsoever for the Defendant's conclusion. *Neitzel* involved a case where the railroad was still operating and <u>leased</u> lots in exchange for the lessee company's agreement to construct a two-story building and route all its business over the railway company's road (obviously benefiting the railroad)—and the railroad company anticipated that it would in the "near future" need and expect to devote the grounds for terminal use and use the new buildings as more superior freight houses. Not only was the railroad still active and running trains over the land next to the lots, the court held that the use was concurrent with and did not exclude the railroad's occupation, and was consistent with railroad purposes **and furthered the railroad's business**. *Neitzel*, 141 P. 186. In order to be a valid incidental use, such use must also benefit the railroad and further the railroad's business as was held in *Neitzel*.

King County also cites to an appellate ruling in *Kershaw Sunnyside Ranches Inc. v. Yakima Interurban Lines Ass'n*, 91 P.3d 104.116 (Wash. 2004) as support for their assertion that the incidental use doctrine applies to railroad rights-of-way, just as it does to public highways. The *Kershaw* appellate opinion was overturned by the Washington Supreme Court—a fact that the Defendants continue to ignore or try to work around. King County cites to the *Kershaw* appellate opinion to state that a railroad easement allows incidental uses. The *Kershaw* cases involve the laying of fiber optic cables and the Kershaws sued the communication company for trespass. The communications company argued that no trespass occurred because the railroad had authorization to allow fiber optic cable in the subsurface of

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 9 - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Kershaw's land under the incidental use doctrine. The **trial court** rejected the communication companies' argument. *Kershaw*, 2003 WL 25275291.[5] The trial court correctly held that:

> incidental uses **are measured** by what is **reasonably necessary** for the **building, operation and maintenance of the railroad** and where the fiber optic cable will be used substantially to service other members of the public and **where the railroad is not significantly dependent on the fiber optic cable for its primary means of communication, the cable is not an "incidental use" of the railroad**.

*Id*.

The Washington Supreme Court case of *Kershaw* addressed both the trial court decision and the appellate court's decision on incidental uses:

> The trial court rejected Level 3's contention that the **fiber optic lines were an incidental use. Centering its analysis on whether the "incidental use" is reasonably necessary to the operation of the railroad, and finding that "[i]ncidental rights should be limited to facilitating construction, maintenance and operation of the railroad,"** the trial court determined that the buried fiber optic line here is not an incidental use. *Id.* at 974. It thus concluded that Level 3's line constituted a trespass. *Id.* at 19, 974. <u>The Court of Appeals found no trespass and rejected the trial court's strict reliance on the relationship between the alleged incidental use and railroad operations. Rather, it held that the incidental use doctrine applies so long as "the *use* is 'not… inconsistent with the public *use* to which the highways are dedicated,'"</u>

*Kershaw*, 126 P.3d at 27-29 (various citations omitted) (emphasis added).

Thus, even though the trial court concluded that incidental uses had to be related to the railroad's business and the appellate court merely said incidental uses were proper if they did not interfere with the operation of the railroad, the Supreme Court of Washington basically ducked the issue. Plaintiffs do not have any dispute with the concept of incidental uses if the

---

[5] Counsel for Plaintiffs in this case also represented Robert Kershaw in a Trails Act takings case and have personal knowledge of Mr. Kershaw and the Kershaw properties and lawsuits. *See Blair v. United States*, Case no. 09-528 (Fed. Cl. 2014).

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 10 - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

railroad purposes easement currently exists, but do dispute the scope of what incidental uses are appropriate. As this Court pointed out, citing *Neitzel,* "the Washington Supreme Court already implicitly approved the incidental use doctrine, holding that a railroad easement will not be abandoned 'so long as the use to which the property is put, although a private use, is incidental to the company's business as a transportation company.'"[6] Any purported incidental uses by King County are not incidental to the railroad purposes easement, even if it exists, because they do not support the railroad's business in any fashion.

## IV. THE RULING IN *KASEBURG* WAS WRONGLY DECIDED

Although Plaintiffs acknowledge that Judge Coughenour ruled that the railroad puroses easement currently exists in *Kaseburg*, Judge Coughenour's opinion is incorrect for several significant reasons:

- ***Kaseburg* was wrongly decided because it ignores the plain language of the Trails Act**

As noted in Section II *supra*, the Trails Act only authorizes interim use of abandoned railroad corridors for recreational trail use. King County's argument that there is nothing in the Trails Act that bars other uses is flawed because the Trails Act only authorizes trail use and that excludes other uses by definition. Further, the Trails Act and case law interpreting it, expressly state that the railroad corridor is preserved for FUTURE use, not current use as a railroad corridor.

- ***Kaseburg* was wrongly decided because it ignores the fact that railbanking is not a railroad purpose and no Trails Act taking could occur if Judge Coughenour is right**

---

[6] Court Order, D.E. 138, at p. 15.

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 11 - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

Railbanking is NOT a railroad purpose. If railbanking was a railroad purpose, there would never be a Trails Act taking because if the railroad purposes easement exists before and after the NITU, then no reversionary interest was blocked and there is no taking.

- ***Kaseburg* was wrongly decided because, under Washington law, a change in use under state law extinguishes the RR purposes easement**

*See Lawson; Preseault II*.

- ***Kaseburg* was wrongly decided and is directly contrary to every decision from every judge of the CFC and every case before the Federal Circuit, who deal with the Trails Act routinely**

*See* Sections II and III *supra*.

## V. CONCLUSION

King County's purported claim to be able to use the railroad corridor in any fashion they wish should be rejected. King County did not acquire any valid rights in the corridor other than for interim use as a recreational trail because that is all that is acquired under the Trails Act while the corridor is railbanked for FUTURE use. Further, even if the railroad purposes easement currently exists, which it does not, any use other than a recreational trail, is not authorized, King County is not a railroad, cannot authorize incidental uses, any other use beyond a recreational trail is a violation of Plaintiffs' property rights.

As a result, Plaintiffs' cross-motion for summary judgment should be granted.

Date: March 11, 2016.

**STEWART, WALD & MCCULLEY, LLC**

By */s/ Thomas S. Stewart*
Thomas S. Stewart
Elizabeth Gepford McCulley
Michael J. Smith
2100 Central, Suite 22

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 12 - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

| | |
|---|---|
| 1 | Kansas City, MO 64108 |
| | Telephone: (816) 303-1500 |
| 2 | Facsimile: (816) 527-8068 |
| | stewart@swm.legal |
| 3 | mcculley@swm.legal |
| | smith@swm.legal |
| 4 | |
| 5 | AND |
| 6 | RODGERS DEUTSCH & TURNER, P.L.L.C. |
| | Daryl A. Deutsch, WSBA No. 11003 |
| 7 | Rodgers Deutsch & Turner, P.L.L.C. |
| | 3 Lake Bellevue Dr. Suite 100 |
| 8 | Bellevue, WA 98005 |
| | Telephone: (425) 455-1110 |
| 9 | Facsimile: (425) 455-1626 |
| 10 | daryl@rdtlaw.com |
| | **ATTORNEYS FOR PLAINTIFFS** |

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Andrew W Marcuse
David J. Hackett
King County Prosecuting Attorney, Civil Division
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
*Attorneys for Defendant King County*

Emily J. Harris
Special Deputy Prosecuting Attorneys
Corr Cronin Michelson Baumgardner Fogg & Moore LLP
eharris@corrcronin.com
***Attorneys for Defendant King County***

                                                   */s/ Thomas S. Stewart*

PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT
Page 13 - Case No.: 2:15-cv-00284-MJP

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626